## No. 2301.

### S. Homan alias John Wenar *v.* The State.

Constitutional Right to Process for Witnesses.—The Constitution of this State (Bill of Rights, sec. 10) guarantees to any one accused of crime the right to have compulsory process for his witnesses, and of this right it is not in the power of the Legislature to deprive him. In so far, therefore, as the act of the Eighteenth legislature "to provide for the payment of attached witnesses in felony cases" deprives a defendant of his right to an attachment for his absent witnesses, that act is unconstitutional and void.

Appeal from the District Court of Tarrant. Tried below before the Hon. R. E. Beckham.

The opinion sufficiently states the facts germane to the ruling. The appellant was convicted of bigamy, and a term of three years in the penitentiary was the punishment assessed against him.

*M. D. Priest* and *B. G. Johnson,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

White, Presiding Judge. This appeal is from a judgment of conviction for bigamy. But two bills of exception appear of record, and upon these the errors complained of are assigned. These bills were saved to rulings of the court, first, in refusing defendant's application for an attachment for a witness, and, secondly, the order of the court overruling defendant's motion for a continuance.

Appellant was indicted on the seventeenth of September, 1886. On the twentieth of September, 1886, he made application to the judge of the district court, then in session, for an attachment for one J. F. Henderson, of Hood county, stating in his affidavit the facts which he expected to prove by said witness, and which facts he proposed to use in connection with other testimony to be adduced by him to support his defense to the prosecution, to wit, a plea of insanity. This application for attachment was

refused by the judge, and, as he states in his explanation to the bill of exception, for the reason that "it did not appear that the evidence desired was material."

In the second section of an act entitled "an act to provide for the payment of the expenses of attached witnesses in felony cases" (Gen. Laws of Eighteenth Leg., p. 117), it is provided that "witness fees shall be allowed to such State's witnesses only as the district or county attorney shall state in writing are material for the State, and to witnesses for the defendant after he has made affidavit that the testimony of the witness is material to his defense, stating the facts which are expected to be proved by the witness, which certificate and affidavit must be made at the time of procuring the attachment;  *  *  *  provided that the judge to whom an application for attachment is made may in his discretion grant or refuse such application when presented in term time.   No attachment shall be issued in a felony case until the State's attorney shall have first made the statement in writing, or the defendant shall have made the affidavit, which will authorize the payment of the witness to be attached."

It is contended that this provision prescribes the only rule and practice for obtaining attachments for witnesses during the term of court, where the witness resides out of the county of the prosecution; and that it is a matter entirely discretionary with the judge to grant or refuse the application.

This identical question was before this court, in Roddy's case, 16 Texas Court of Appeals, 502, and it was there held that the right of one accused of crime to have compulsory process for obtaining witneses in his favor, is a constitutional guarantee of which it is not in the power of the legislature to deprive him (Const., Bill of Rights, sec. 10); that the exercise of this right is regulated by Articles 488 and 489, Code of Criminal Procedure, and that the act of the Eighteenth Legislature, above quoted, does not and can not repeal those articles; that the object, purpose and constitutionality of said act must be tested by its title as to the subjects legitimately contained in the body of said act (Const., art. 3, sec. 35), and that the object, as expressed in the title, being simply to regulate the compensation of attached witness in felony cases, it was beyond the power of the legislature to so regulate that matter as to deprive the accused entirely of his constitutional right at the discretion of the trial judge.

In so far as it went to that extent, said act was declared unconstitutional and void.

We can add nothing to the cogency and conclusiveness of Judge Hurt's reasoning in Roddy's case. Tested by the requirements of Article 489, Code of Criminal Procedure, defendant's application for the attachment for his witness was substantially sufficient, and the process should not have been denied him. Its denial has been to deprive him of a constitutional as well as statutory right.

The second error complained of, viz., the overruling of defendant's motion for new trial, it is unnecessary to discuss. Because defendant was, by the action of the court, deprived of his constitutional right of process for his witness, the judgment is reversed and the cause remanded.

*Reversed and remanded.*