State v. Smith.

## THE STATE v. SMITH, *Appellant.*

### Division Two, January 19, 1897.

1. **Criminal Practice:** ATTEMPT AT SODOMY: INDICTMENT. It is sufficient in an indictment for an attempt to commit sodomy to state the offense as prohibited by the statute, and some act done towards its perpetration.

2. ———: WITNESS: INDICTMENT. The fact that the name of a witness was not indorsed on the indictment is not a sufficient ground for excluding his testimony.

*Appeal from St. Louis Criminal Court.*—HON. THOMAS B. HARVEY, Judge.

AFFIRMED.

*Claiborne & Anderson* for appellant.

(1) The crime of sodomy can only be perpetrated upon one particular part of the body, to wit, the *anus*, and it must be charged that the attempt was made upon that part of the body. To unbutton the trousers and expose the bare body and lie upon the bare body,

does not constitute the offense of attempt at sodomy. Criminal Defenses, p. 103; *R. v. Jacobs*, R. & R. 331. (2) The evidence is insufficient to sustain the conviction.

*R. F. Walker*, attorney-general, and *C. O. Bishop* for the state.

(1) The name of the witness Gilmore did not appear on the back of the indictment, still this did not preclude the state from calling him. R. S. 1889, sec. 4097; *State v. Pagels*, 92 Mo. 300. (2) The instructions were correct and fully covered the case. (3) The indictment is sufficient. (4) The verdict is supported by the evidence.

GANTT, P. J.—The appellant was indicted at the July term, 1895, of the St. Louis criminal court for an attempt to commit and perpetrate the crime of sodomy or buggery. He moved to quash the indictment as insufficient, but his motion was overruled. At the October term, 1895, he was put upon his trial and convicted. His motions in arrest and for new trial were overruled, and in accordance with the verdict he was sentenced to the penitentiary.

I. The indictment is entirely sufficient. It follows the long approved precedents of the common law. Archbold's Crim. Prac. & Plead., Pomeroy's Notes [8 Ed.], p. 1017. It is sufficient in charging an attempt to commit an offense under the statute to state clearly what offense prohibited by law the accused attempted to commit, and state some act committed toward the perpetration of such offense.

At the common law it was only necessary to aver that the defendant "unlawfully did make an assault upon C. D., and him, the said C. D., did then beat and ill treat with intent then feloniously, etc., against the

order of nature to have a venereal affair  *  *  *  and then feloniously, wickedly, and against the order of nature with the said C. D. to commit and perpetrate the abominable crime of buggery against the form," etc. See citation from Archbold, *supra*.

This indictment alleges that "in said attempt and toward the commission of said offense, etc., he then and there feloniously did forcibly compel the said Henry Spreen to unbutton the trousers and expose the bare body of him, the said Henry Spreen, and then and there feloniously did lie upon the body of him, the said Henry Spreen," and "then and there did fail in the perpetration of said offense," etc. The acts here charged, in connection with what precedes, are enough to show something done by the accused toward the perpetration of the crime of sodomy.

II.   The testimony on behalf of the state tended to show that the appellant was a police officer of the city of St. Louis at the date alleged in the indictment, being at the time on duty from 11 o'clock A. M. to 11 o'clock P. M.; during the preceding four months he had patrolled the beat where the complainant lived and they had become acquainted; the latter was a boy about sixteen years of age, employed during the day at the Stamping Company, attending night school three evenings of the week, and on the other evenings accustomed to play upon the street with other boys. On the night in question, between 8 and 9 o'clock, the complainant was upon the street with another boy, when appellant accosted them and taking each of them by the arm said:   "Come with me or I will arrest you;" he conducted them into a lumber yard to a low pile of lumber, where he compelled young Spreen with threats and menaces to lower his clothes and lie face downward upon the lumber; then with obscene expressions indicating his detestable desire, he opened his clothing, in-

serted his organ between the boy's thighs and at the fundament, and attempted the act forbidden by the statute.

On the part of the appellant there was a great deal of testimony in favor of his general reputation for general morality, and some testimony to the effect that the boys upon his beat were generally bad boys. Testifying in his own behalf he denied absolutely the story of the two boys, and stated that he had had trouble with the complainant on account of the latter's misbehavior, and had had to run him off his beat.

No error is assigned in giving or refusing instructions, but we have carefully read them and they are carefully and well drawn and covered every legal proposition involved in the case.

There was no error in refusing to strike out the evidence of Gilmore. The fact that his name was not indorsed on the indictment would not have justified the court in refusing his testimony.

Detestable and abominable as the offense is, and loth as we are to believe that any man, and much less a public officer, whose duty it was to maintain the peace and order of the city, would or could be so brutal in his instincts, we are unable to say this verdict is without substantial evidence to support it. We have read the searching and extensive cross-examination of the two victims of his unholy assault, and it seems to us their evidence stood the test, and upon the jury, who saw them and observed their demeanor on the witness stand and heard them testify, the law casts the duty of weighing their testimony. We can not properly interfere with their finding in this case, and the judgment is accordingly affirmed. SHERWOOD and BURGESS, JJ., concur.