JOHN J. BURTTSCHELL, SHERIFF, V. GEORGE H. SHEPPARD, COMPTROLLER.

No. 6102.   Decded March 14, 1934.
(69 S. W., 2d Series, 402.)

*Wm. O. Bowers, Jr.,* of Beaumont, for relator.

After respondent had examined and found correct the account of relator, duly approved by the district judge, it was respondent's duty to issue to relator warrant for full amount of claim, or in case the appropriation to pay such claims was exhausted, it was his duty to issue a deficiency certificate for said amount.   Code Criminal Procedure, 1925, Arts. 1033-1035; Rochelle v. Lane, Comptroller, 105 Texas, 350, 148 S. W., 556.

A sheriff is entitled to fees for re-summoning of the same witnesses in the same cases at two different terms of the district court, where subpoenas therefor in regular form issued from the hand and under the seal of the district clerk and were placed in the hands of a sheriff for execution.   R. S., 1925, Art. 6873; Tierney v. Frazier, 57 Texas, 437.

*James V. Allred,* Attorney General, *T. S. Christopher* and *Homer C. DeWolfe,* Assistants Attorney General, for respondent.

The approval by the judge of the district court of the account of an officer for fees is not a judicial function and is subject to review. Binford v. Robinson, 112 Texas, 84, 244 S. W., 807; State v. Bigham, 280 S. W., 1062; Rogers v. Lynn and Sheppard, 121 Texas, 467, 51 S. W. (2d) 1113.

A district judge in ordering on his own motion the resubpoenaing of the same witness in the same case acts beyond the scope of his authority and his act or order in the premises is void. R. S. 1925, Article 3707; Penal Code Arts. 103, 114; Code of Ciminal Procedure 1925, Art. 463 as amended by 42 Leg. ch. 143, 465, 472, 481; Spradley v. State, 56 S. W., 114; Ledbetter v. Dallas County, 111 S. W., 194; 57 C. J. 806, 1110; Searcy v. State, 40 Texas Crim. Rep., 460, 53 S. W., 344.

Acts relating to the fees and compensation of public officers are strictly construed and such officers are only entitled to what is clearly given by law. McCalla v. City of Rockwall, 112 Texas, 209, 246 S. W. 654; Crosby County Cattle Company v. McDermett, 281 S. W., 293.

A writ of mandamus will not lie to compel the State Comptroller to pay a claim when it appears that the holder of such claim is indebted to the State of Texas. R. S. 1925, 4350, as amended by 42 Leg. ch. 243; Sherman v. Hatcher, 117 Texas, 166, 299 S. W., 227; Jeff Davis County v. Davis, 192 S. W., 291; 36 Cyc. 902.

MR. JUSTICE PIERSON delivered the opinion of the court.

This is an original petition for mandamus brought by John J. Burttschell, sheriff of Lee County, Texas, to compel Hon. George H. Sheppard, Comptroller of Public Accounts of the State of Texas, to issue a warrant or deficiency certificate to the relator for the amount of $775.40. It appears that the respondent had deducted this amount from relator's bill of costs claimed to be due him by the State of Texas as sheriff in felony cases tried at the April, 1931, term of the District Court of Lee County. Respondent alleges that this amount had been previously approved and paid to the relator under his bill of costs for the October, 1930, term of court, and that such payment was made without authority under the law, and that relator was indebted to the State of Texas in this amount, and that under Article 4350, Revised Civil Statutes 1925, he could not issue a warrant to relator as long as relator was indebted to the State.

This $775.40 represents claims for the summoning of witnesses in criminal cases who had been summoned at a previous

term of court, but who were excused by the court and ordered resummoned at the October, 1930, term.

This case presents only two issues: first, whether the district judge has authority to excuse witnesses and order the district clerk to reissue additional subpoenas for the same witnesses in the same case for a later date during the same term or for the next term of the court, and whether the sheriff is entitled to his fees for serving such duplicate process; and second, whether the State, having paid the fees for service of such duplicate process, unaware of the procedure followed by the officers, has a right to deduct the amount overpaid to the officer from a later account submitted by him.

It is contended by the respondent that the district judge, sitting as the district court, has no authority to discharge a witness and order him re-subpoenaed for the same case at another term of the court; and hence, such purported process being void, that the sheriff is not entitled to collect fees for executing the second subpoena.

Article 103, Penal Code of Texas, reads as follows:

"Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any district or criminal district court of this State of which he is clerk or deputy, the defendant or his attorney or the State's attorney shall make written sworn application to such clerk of each witness desired. Such application shall state the name of each witness desired, the location and avocation, if known, and that the testimony of said witness is believed to be material to the State or the defense. As far as practicable such clerk shall include in one subpoena the names of all witnesses for the State and the defendant and such process shall show that the witnesses are summoned for the State or defendant. If any such clerk or his deputy shall issue any subpoena for any witness in a felony case without complying with this article, or shall issue an attachment without an order of court, he shall be fined not less than twenty-five nor more than two hundred dollars. (Acts 1889, p. 145; Acts 1st C. S. 1897, p. 5; Acts 1913, p. 319."

See also Article 463, Code of Criminal Procedure.

It is the argument of the respondent that since the statutes do not expressly authorize the district judge to order subpoenas issued to compel the attendance of witnesses, he is without such power, and that subpoenas can issue only after sworn statements are filed with the clerk by attorneys in the case.

By the Constitution of the State of Texas the district judges are empowered "to issue * * * all writs necessary to enforce their jurisdiction." Constitution, Art. V, sec. 8.

Article 1914, Revised Civil Statutes, 1925, provides that, "Judges of the district courts may either in term time or in vacation, grant * * * all * * * writs necessary to the enforcement of the jurisdiction of the court."

■ The power to summon witnesses, and compel their attendance upon the court, to the end that justice may be administered, is inherent in the court, or implied from the Act creating the court and vesting therein judicial powers. 7 R. C. L., 1033; 15 Corpus Juris, 732, sec. 30; Hale v. State, 55 Ohio St., 210, 45 N. E., 199, 60 A. S. R., 691, 36 L. R. A., 254; State ex rel. Rudolph v. Ryan, 137 Mo., 25, 38 S. W. (2d) 717.

In the case of Hale v. State, 55 Ohio St., 210, 45 N. E., 199, 60 A. S. R., 691, 36 L. R. A., 254, the Ohio Supreme Court had under consideration a statute which it was contended abridged the power of the court to punish summarily for a contempt. In the course of the opinion, Judge Shauck for the court used the following language:

"The difference between the jurisdiction of courts and their inherent powers is too important to be overlooked. In constitutional governments their jurisdiction is conferred by the provisions of the constitutions and of statutes enacted in the exercise of legislative authority. That, however, is not true with respect to such powers as are necessary to the orderly and efficient exercise of jurisdiction. Such powers, from both their nature and their ancient exercise, must be regarded as inherent. They do not depend upon express constitutional grant, nor in any sense upon the legislative will. The power to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given to judgments, must inhere in every court, or the purpose of its creation fails. Without such power, no other could be exercised."

See 7 R. C. L., at pp. 1033, 1034.

The rule as formulated by Corpus Juris, Vol. 15, at page 732, reads:

"While courts may have implied and resulting powers from a general grant of jurisdiction, they have no powers which are inherent in the sense of appertaining to them without any express or implied grant, although powers granted to them by the Constitution become inherent in the sense that they cannot be abridged or taken away by the legislature. It has also been said that the inherent powers of courts are those which are essential to their existence and to the due administration of justice."

In the case of State ex rel. Rudolph v. Ryan, 137 Mo. 25, 38 S. W. (2d) 717, the Supreme Court of Missouri had under consideration the validity of a writ of habeas corpus *ad testificandum* issued by the circuit court and served on a warden of the penitentiary, commanding him to produce in said court a prisoner in the penitentiary to testify as a witness in a certain case. In upholding the validity of the writ, the court said:

"The warden questions the authority of the circuit court to issue the writ. Circuit courts have jurisdiction over criminal cases. Section 22, Art. 6, Const. They are authorized by the Constitution to try such cases. They cannot do so without witnesses. Authority to compel the attendance or production of witnesses is an element of jurisdiction. It is essential to the existence of said courts and to the due administration of justice. 15 C. J., 732. Without such authority, there is no jurisdiction. In other words, said courts have the inherent power to compel the attendance or production of witnesses. Having such power, they are authorized to issue process, 'according to the principles and usages of law', for that purpose. Yeoman v. Younger, 83 Mo. 424, loc. cit. 429. Furthermore, by statute, declaratory of the common law, 'all courts shall have power to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law.' Section 1844, Rev. St. 1929. The writ under consideration is of ancient origin, and has been available at all times to compel the custodian to produce a prisoner in court to give testimony. We have no doubt of the full and complete authority of the circuit court of the city of St. Louis to issue the writ."

By the constitution and statutes of this State, district judges are expressly given the power to issue all writs necessary to the enforcement of their jurisdiction. The power to compell attendance of witnesses is one of the most vital necessities to a court in order for it to carry out the purposes for which it is created.

A careful reading of the statutes, both criminal and civil, fails to disclose any express prohibition against the issuing of a second subpoena for the same witness in the same case. By Article 3707, Revised Civil Statutes, the authority of the court to discharge witnesses is affirmatively recognized, and after his discharge the witness is under no further compulsion to attend the sitting of the court. The Article provides:

"Every witness summoned in any suit shall attend the court from day to day, and from term to term, until discharged by

the court or party summoning him. If any witness, after being duly summoned, shall fail to attend, he may be fined by the court as for contempt of court, and an attachment may issue against the body of such witness to compel his attendance."

It is true that a witness may be compelled to attend the court from day to day and from term to term after he has been summoned, and the writ of attachment is available to compel such attendance; but if the court has discharged the witness and he is under no further compulsion, the writ of attachment would not lie.

We will not assume that a district judge would have a witness, or witnesses, unnecessarily or wantonly resummoned. He is acting as a court and in his judicial capacity. The resummoning of witnesses should occur only in exceptional cases, and under circumstances which in the mind of the court would create a necessity therefor. The better practice from the standpoint of economy and efficiency would be for the court to refrain from discharging a witness before the end of the case, and to compel his attendance under the one subpoena; but where the judge has seen fit to discharge a witness, in the exercise of a sound discretion, or even arbitrarily and wrongly, and later such witness is needed to give testimony, it must be held that the court has the power to have the witness resummoned. Authority so essential to the operation of courts will not be denied. The possibility of abuse of authority is no argument against its existence.

These principles are so fundamental and have been so often and so universally announced that we deem further citations and further discussion unnecessary.

We have reached the conclusion that the Comptroller was not justified in refusing to approve the bill of costs as presented. Having reached this conclusion, the second question stated above does not arise in this case.

The writ of mandamus is, therefore, granted.