JACK COTHREN V. THE STATE.

No. 20983. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) June 28, 1940.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*G. A. Walters,* County Attorney, of San Saba, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of San Saba county on a charge of liquor law violation and, under an enhanced penalty clause, was assessed a fine of $200.00, from which he appeals.

We have examined this record carefully and it is doubtful that any question is presented to this court properly for its consideration. However, it may be stated that he was charged with selling to an employee of the Liquor Control Board a pint of whisky and two cans of beer on the 24th day of June, 1939. A former conviction for a similar offense was alleged and proven on the 30th day of November, 1928, in San Saba County. Appellant attacks this suit in a manner, apparently taking the view that he was being twice put in jeopardy for the same offense. Art. 61 of the Penal Code providing for the enhancement of penalties first appears in our statute in 1857. Similar provision is found in practically all of the states of the Union. It has been so many times approved by this court that we do not consider it a question for our discussion at this time.

Appellant complains of the refusal of the court to define the word "sale." In the absence of fact issue raising a question for the consideration of the jury, it would be unnecessary to do so, Branch's Penal Code, Sec. 1243.

Further complaint is made because of the action of the trial court in refusing appellant's oral request for a continuance in order that he may make application for a subpoena for a witness. There is nothing in the record to show what the appellant intended to prove by this witness, if anything, and it, therefore, does not appear that any harm resulted from the court's action, even though it should be held to be irregular in some respect. This complaint brings no error to this court for our consideration. No error appearing in the trial court, the judgment is affirmed.

GRAVES, Judge.

Appellant again complains in his motion because of the fact that after it had developed that when the State's witness Jno. M. Henderson, an agent of the State Liquor Control Board, testified that he bought certain intoxicating liquor from appellant, and that witness' son was present at such time, appellant's attorney requested a continuance at such time because the testimony further showed that such son was absent from such trial, although his name was placed on the back of the complaint as a State's witness.

Appellant's request for a continuance was denied, as well as his request to have a subpoena issued for such witness, the trial court stating that he did not think such was necessary. Nowhere did appellant state what he expected to prove by the son of the State's witness, and it is evident from the record that he did not know, as he only found out that such witness was present at the alleged sale when the agent so testified. It was also shown that the witness was not in the county at the time of the trial, but was supposed to be in Corpus Christi, and therefore not amendable to a subpoena issued out of the county court.

We do not think any error is evidenced by this occurrence, and this being the only matter presented in the motion, same is overruled.