THE ATTORNEY GENERAL.

OF TEXAS



GERALD C. MANN
XX~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:

Opinion No. 0-3633
Re: Does the State or a
defendant have the
right to subpoena
and attach out of
county witnesses in
a misdemeanor case?

This is to acknowledge receipt of your recent letter asking our opinion as stated in the above question.

While we have made a careful study of the question, in the light of the statutes and the case cited by you, we are unable to find any authority authorizing the use of a subpoena or attachment for out of county witnesses in misdemeanor cases.

In the case of Cothren v. State, 139 Tex. Cr. R. 644, 141 S.W. (2d) 594, cited in your letter of June 7th, the appellant was convicted in the county court of San Saba County on a misdemeanor charge and assessed a fine. On motion for rehearing appellant insisted that error was committed in the refusal of a continuance because of an absent witness. We quote from Judge Grave's opinion on the motion for rehearing:

"Appellant's request for a continuance was denied, as well as his request to have a subpoena issued for such witness, the trial court stating that he did not think such was necessary. Nowhere did appellant state what he expected to prove by the son of the State's witness, and it is evident from the record that he did not know, as he only found out that such witness was present at the alleged sale when the agent so testified. It was also shown that the witness was not in the county at the time of the trial,

> but was supposed to be in Corpus Christi, and therefore not amenable to a subpoena issued out of the county court." (Emphasis ours)

As stated above, we have been unable to find any other expressions of the Court of Criminal Appeals relative to process for witnesses in misdemeanor cases in counties outside the county of prosecution. The rule that such process is unavailable, however, seems to be generally recognized. That the Legislature of this State recognizes such rule is evident from the insertion of Section 5 in the present so-called "Hot Check Law." Such section requires process to be issued and served "in the County or out of the county;" provides that such process shall "have the same binding force and effect as though the offense being prosecuted were a felony;" and further declares: "and all officers issuing and serving such process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending, shall be compensated in like manner as though the offense were a felony in grade." (Emphasis ours). See General Laws, 46th Legislature, p. 246; Art. 567b, Vernon's Annotated Penal Code, pocket supplement, Sec. 5.

In view of the above expressions by the Court of Criminal Appeals and the Legislature, we are impelled to adhere to the opinions heretofore rendered by this Department that the question as stated should be answered in the negative.

Yours very truly

APPROVED JUN 14, 1941          ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

FIRST ASSISTANT          By          /s/
ATTORNEY GENERAL                  Benjamin Woodall
                                          Assistant

BW:db/mjs

APPROVED
OPINION
COMMITTEE
BY  BWB
Chairman