GORDON E. RICHARDSON V. STATE

No. 25456. November 7, 1951.
Rehearing Denied December 12, 1951.

Hon. James G. Denton, Judge Presiding.

*Boling, Smith & Allen,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the penalty, a fine of fifty dollars.

There is no contention that the facts do not support the conviction.

Appellant's two bills of exception complain of the trial court's failure to grant his first motion for continuance. They may be considered together.

An examination of the record shows that the information was filed on December 30, 1950. Appellant applied for a subpoena for the missing witness on March 29, 1951. The trial was held on the 3rd day of April. The day following the issuance of the subpoena; to wit, on March 30, 1951, the sheriff made his return thereon, showing that he had not served the same because the witness sought was in the Army at Randolph Field. This, we think, was sufficient notice to appellant that the witness was not in Lubbock County and might be found in Bexar County. Under the authority of Fletcher v. State, 69 Tex. Cr. R. 135, 153 S. W. 1134, it then became the duty of appellant to have a subpoena issued to the county where the witness may have been found. This is not shown to have been done.

Appellant's duty as to diligence to procure the witness began when he was arrested and continued up until the close of the testimony. Hogue v. State, 68 Tex. Cr. R. 536, 151 S. W. 805, and cases cited.

It may be further noted that no affidavit of the missing witness is attached to the motion for continuance or brought forward in any motion for new trial. For the rule in such cases see Hawkins v. State, (Page 122 of this volume), 238 S.W. (2d) 779.

Because of a failure to show diligence, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant insists that reversible error is reflected in the overruling of his motion for a continuance and that we erred in reaching a contrary conclusion.

By the allegations of the motion for a continuance, and not otherwise, it is shown that the absent witness would have supported appellant in his testimony that he was not intoxicated or under the influence of intoxicating liquor at the time of his arrest.

Appellant, testifying as a witness in his own behalf, admitted that he had "had a can or two of beer" when he was apprehended by the officers.

The arresting officers testified that appellant was "very muchly intoxicated" at the time.

It must be remembered that the right of an accused to a continuance as a matter of law is expressly withheld by Art. 543, C. C. P. Hence the overruling of a motion for a continuance which complies with all statutory requirements does not constitute error until the motion for new trial is heard, the absent testimony considered in connection with the trial of the case, and the trial court is shown to have abused his discretion in overruling the motion for a new trial based upon the overruling of the motion for a continuance. 9 Tex. Jur., p. 873, Sec. 161; Davis v. State, 133 Tex. Cr. R. 215, 109 S. W. 2d 756; Tindol v. State, (Page 128 of this volume), 239 S. W. 2d 396.

We remain of the opinion that no abuse of his discretion is shown by the trial judge in the overruling of the motion for new trial.

The motion for rehearing is overruled.

Opinion approved by the court.