CECIL COUCH HICKERSON V. STATE

No. 27,253. January 5, 1955
State's Motion for Rehearing Denied March 2, 1955

*Calloway Huffaker* and *Harold Green*, Tahoka, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $100.00.

In view of our disposition of this case, a recitation of the facts will not be deemed necessary, other than to observe that the arrest occurred at 4:30 p.m. on the day in question. The only witnesses whom the appellant had, other than himself, were people who had seen him at approximately 10:30 a.m. in Lynn County before he left to go to his farm in Terry County and those who saw him at approximately 7:30 p.m. in the city of Lubbock some three hours after his arrest. Each of these witnesses testified that he was not intoxicated.

In his motion for continuance appellant swore that the witness L. D. Pemberton, a resident of Terry County, would testify

that he saw the appellant shortly after 4:00 p.m. on the day in question, some 30 minutes befort appellant's arrest, and that the appellant was not intoxicated. The motion further recites that Pemberton had agreed to be present at appellant's trial (this being a misdemeanor and compulsory process not being available) but that, due to inclement weather, his commercial airline flight from Ft. Worth to Lubbock had been delayed but that he would be available in court the following day.

Appellant's motion for new trial is supported by the affidavit of the witness Pemberton.

From Bill of Exception No. 20 it is apparent that the trial court overruled appellant's motion for continuance without reading the same.

While it is true that the overruling of a motion for continuance will not normally call for a reversal of the conviction, we are convinced that the trial court herein, in view of the above facts, fell into error in not granting the motion for new trial.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

We are cited to the recent case of Richardson v. State, 156 Texas Cr. Rep. 513, 244 S.W. 2d 222, in support of the state's contention that appellant failed to use diligence to secure his witnesses in that he caused no subpoena to be issued.

It is evident that we failed to take cognizance of the fact that Richardson was charged in the county court with a misdemeanor and that the statutes provide no procedure for obtaining the issuance of a subpoena out of the county court for an out county witness.

Article 475 C.C.P., et seq., as originally enacted, (Acts. 1st Called Session 1897, p. 58) apply alone to the district court, grand jury and examining courts.

Resort may be had to the original enactment if there be doubt as to the meaning of the compiled statutes. Stevens v. State, 70 Texas Cr. Rep. 565, 159 S.W. 505.

In Cothren v. State, 139 Texas Cr. Rep. 644, 141 S.W. 2d 594, we said that the absent witness was out of the county and not amenable to a subpoena issued out of the county court.

Insofar as the opinion in Richardson v. State, 156 Texas Cr. Rep. 513, 244 S.W. 2d 222, may be inconsistent with the holding in our original opinion herein, it is overruled.

Our reference to Bill of Exception No. 20 was not entirely accurate and will be withdrawn.

The error pointed out in Bill No. 20 is that the trial judge, in the presence of the jury, severely criticized counsel for not having a written motion for continuance prepared before the state announced ready for trial; declined to grant counsel time to prepare their motion in writing before acting on it; threatened to forfeit the appearance bond under which appellant was at liberty and announced that the motion for continuance presented orally could be later reduced to writing but would be overruled.

The trial court was in error in stating that the law requires the motion for continuance to be prepared before the state announces. We agree that in the interest of time this should be done where counsel is aware of the fact that a material witness will not appear. However, the time for the defendant to finally learn whether his witnesses are present is after the state has announced ready and he is called upon to make his announcement.

Whether such announcements are called for before the jury panel is to appear, or a sufficient time in advance of its appearing to prevent delay, is for the trial judge in his discretion.

The state's motion for rehearing is overruled.