JOHN LEONARD BLUDWORTH V. STATE.

No. 30,780. June 3, 1959.
Motion for Rehearing Overruled November 18, 1959.
Second Motion for Rehearing Overruled January 6, 1960.

MORRISON, Presiding Judge, concurred.

*Charles A. Keilin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Jack Rawitscher,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the misdemeanor offense of drunken driving, with punishment assessed at a fine of $50 and seven days in jail.

Five days before the date this case was set for trial, appellant properly made application through his counsel to the clerk of the court for the issuance of a subpoena for a witness whom the application showed to be attending school and temporarily residing in Abilene, Taylor County, Texas. The name of the witness and his address were stated.

The clerk of the court refused to issue the subpoena, as requested. The reason for such refusal does not appear in the bill of exception or elsewhere in the record.

Upon the trial of the case, appellant sought to have the trial postponed until he could secure the testimony of the witness.

So the question before us is whether the clerk of the court

in which a misdemeanor case is pending has the arbitrary right to refuse to issue a subpoena for a witness who resides in a county other than that in which the prosecution is pending.

Thus is presented a constitutional question.

The Sixth Amendment to the Federal Constitution provides that:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining witnesses in his favor * * *."

Art. 1, Sec. 10, of the Constitution of this state is to the same effect, wherein it says:

"In all criminal prosecutions the accused shall have * * * compulsory process for obtaining witnesses in his favor * * *."

The legislature implemented that constitutional provision by Sec. 3 of Chap. 4, Title 7, Code of Criminal Procedure. Among the statutes there set out is Art. 475, C.C.P., which reads as follows:

"Application for out-county witness

"Where a witness resides out of the county in which the prosecution is pending, the State or the defendant shall be entitled, either in term time or in vacation, to a subpoena to compel the attendance of such witness on application to the proper clerk or magistrate. Such application shall be in the manner and form as provided in Article 463."

The answer to the question proposed has been definitely determined by this court in the case of Hickerson v. State, 161 Texas Cr. Rep. 140, 275 S.W. 2d 801, wherein we held that Art. 475, C.C.P., applies only to the district court, the grand jury, and the examining courts.

Other than Art. 475, C.C.P., the legislature of this state has not implemented, by statute, the constitutional provisions relative to compulsory process for out-county witnesses in a county court.

As the law in this state now stands, we have only the constitutional provision, with no statutory implementation thereof.

The question of whether a trial judge has the right in a given case or under certain circumstances to require the attendance of out-of-county witnesses in the county court in misdemeanor cases by virtue of the constitutional provision for compulsory attendance is not before us.

What we hold here is that there is now no statutory authority in this state for the issuance of a subpoena for and the compelling of the attendance of out-county witnesses in a criminal case in a county court, and therefore the clerk in the instant case was authorized to refuse to issue the subpoena as prayed for by the appellant.

No reversible error appearing, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant construes our opinion on original submission as holding that the constitutional provision for compulsory process for witnesses is directory only. We disclaim any intention of so deciding.

There is nothing in this record to show that process to Harris County was sought or that the witness could not have been served with subpoena in Harris County between the date the information was presented and the time Newton left to go to Abilene. For all this record shows he may have been present when the first continuance was granted.

Appellant's counsel appeared before a deputy district clerk serving County Court at Law No. 4 of Harris County, and presented a sworn application for issuance of subpoena for the witness Flannery R. Newton "whose location is Boy's Dormitory, McMurray College, which is located in Abilene, Texas," returnable November 25, 1958, at 9 o'clock A.M.

The application was filed, endorsed "11-20-1958. Not issued. Art. 475: Application for out-county witness. Op. Atty. Gen. 1939, No. 569, out-county witness cannot be recognized, subpoenaed or attached in misdemeanor cases in county court, nor can such witness recover compensation in such cases."

The clerk acted in strict compliance with the attorney general's opinion and the opinion of this court in Hickerson v. State, 161 Texas Cr. Rep. 140, 275 S.W. 2d 801.

The attorney general's opinion referred to was issued in 1939. The same year the legislature enacted the Hot Check Law (Art. 567b V.A.P.C.) and in Section 5 provided that in misdemeanor prosecutions under said act process should issue for out-county witnesses as in felony cases.

The legislature thus recognized that there was no general statute authorizing the issuance of process for out-county witnesses in a misdemeanor case pending in county court. The legislature has not since passed such a general statute.

We adhere to our holding in Hickerson v. State, supra.

The judge of the county court at law was not asked, under his inherent power, to issue or order issued compulsory process for the out-county witness. We entertain no doubt of the inherent power of the county court or county court at law to issue compulsory process for witnesses when necessary in order to protect the rights of the defendant guaranteed by Art. 1, Sec. 10, of the Constitution of Texas. Burttschell v. Sheppard, 123 Texas 113, 69 S.W. 2d 402. We agree that the legislature is without authority to deprive an accused of such right. Roddy v. State, 16 Texas App. 502; Homan v. State, 23 Texas App. 212, 4 S.W. 575.

The clerk of the County Court at Law No. 4 of Harris County was without authority to issue witness subpoena to be served in Taylor County, and his failure to issue the out-county subpoena did not entitle appellant to a continuance or postponement, or require that a new trial be granted.

Appellant's motion for rehearing is overruled.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge, (concurring).

I agree to the affirmance of this conviction for the reasons set out in our original opinion.