Walter James **MITCHELL**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 43797.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Don Pevehouse, Corsicana (Court appointed), for appellant.

Jimmy Morris, Dist. Atty., Corsicana, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, ten (10) years.

Appellant's first ground of error is that the trial court erred in admitting his confession into evidence because it was not freely and voluntarily made. It appears from the record that appellant did not make an objection when the confession was offered into evidence before the jury, and the record does not show that he objected outside the presence of the jury to the admission of the confession. However, the following notation appears in the trial court's written findings of fact and conclusions of law in regard to the voluntariness of the confession: "During the course of this trial, the attorney for defendant objected to the admission of the written statement of the defendant, whereupon the trial court excused the jury * * *."

Without deciding whether the above quotation shows a sufficient objection, we conclude that the trial court properly admitted the written confession. The testimony of several officers, plus that of Judge Richburg, who advised appellant of his constitutional rights, amply shows that appellant was not mistreated or coerced. It also shows that he was given warnings sufficient to advise him of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that he waived these rights. Although appellant contradicted the officers in his testimony and also testified that he had been in jail for fourteen days on investigation for other matters, the judge and the jury rejected appellant's version and found the confession admissible. We find no error.

Appellant's second contention is that the trial court erred in overruling his first motion for continuance, filed the day before his trial, which was based on the absence of a defense witness. No motion for new trial appears in the record. A motion for new trial is a prerequisite to raising this ground of error on appeal. Urtado v. State, 167 Tex.Cr.R. 318, 319 S.W.2d 711; Massoletti v. State, 165 Tex.Cr.R. 120, 303 S.W.2d 412. However, even if we can properly consider this contention, and we accept the allegations in appellant's motion for continuance as being true, they clearly show that he did not exercise diligence in obtaining this witness. As shown by his own motion, appellant informed his lawyer on July 21, 1970 that the witness, Billy Don Hayes, had been in jail with him in December of 1969 and that Hayes had told him at that time that he (Hayes) was being held for investigation of the robbery in the case at bar. Additionally, the motion states that evidence in the examining trial, held in March of 1970, revealed that appellant was arrested as a result of information from a confidential informer by the name of Hayes. Finally, the motion shows that appellant did not make application to subpoena Billy Don Hayes until July 22, 1970, the day he filed the motion for continuance. These facts show that appellant did not use

diligence in obtaining the presence of Hayes as a witness. See Richardson v. State, 156 Tex.Cr.R. 513, 244 S.W.2d 222.

Finding no reversible error, the judgment is affirmed.