

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 6, 1977

Honorable G. M. Sawyer                    Opinion No. H- 1067
President
Texas Southern University                 Re:  Whether Texas Southern
Houston, Texas  77004                     University has the power of
                                          eminent domain.

Dear President Sawyer:

     You have asked whether Texas Southern University has the
power of eminent domain.

     Prior to 1971, section 5 of article 2643b, V.T.C.S.,
provided in pertinent part:

          The Directors [of Texas Southern University]
          are hereby given the power and authority
          . . . to acquire, take, appropriate, hold,
          and enjoy the title to such land and other
          property as they may deem necessary . . .
          either by purchase or otherwise; and to that
          end they shall have the right to exercise the
          power of eminent domain and to condemn such
          land for such uses and purposes, in the
          manner prescribed in Title 52, Revised Civil
          Statutes of Texas of 1925, as amended. . . .

In 1971, Title 3 of the Education Code was enacted by House Bill
1657, and article 2643b was among the statutes repealed thereby.
Acts 1971, 62nd Leg., ch. 1024, at 3322.

     However, the bill declared it was a "non-substantive revi-
sion of the higher education laws of this state." Id. at 3072.
(Emphasis added).  It contained a clear statement of legislative
intent:

          This is intended as a recodification only
          and no substantive changes are intended by
          this legislation.

Id. at 3319.  Article 2643b, section 5, V.T.C.S., was effectively
replaced in the 1971 revision by section 106.35 of the Education
Code, which reads as follows:

p. 4572

> The board on behalf of the university may
> acquire by purchase, exchange, or other-
> wise any tract or parcel of land in Harris
> County that is contiguous or adjacent to
> the campus of the university when the board
> deems the land necessary for campus ex-
> pansion.

(Emphasis added). When this provision, formerly article 2643d-1, V.T.C.S., was enacted, the board had eminent domain power under the express terms of article 2643b. See Acts 1961, 57th Leg., ch. 413, § 1, at 938. Thus, the University could use its eminent domain power to acquire land in Harris County adjacent to the campus. The replacement of article 2643b, section 5, V.T.C.S., with section 106.35 of the Education Code may indicate that the Legislature believed that section 106.35 preserved the University's eminent domain power.

Since section 5 of article 2643b was not specifically reenacted in Title 3 of the Education Code, the repealer clause appears to conflict with the declaration of legislative intent contained in the new Code. It is well established that, if a new code is unclear or ambiguous, resort may be had to prior statutes to explain the legislative intent. E.g., Camden Fire Insurance Ass'n. v. Harold E. Clayton & Co., 6 S.W.2d 1029 (Tex. 1928); Hickerson v. State, 275 S.W.2d 801, 802 (Tex. Crim. App. 1955). Since section 106.35 refers to other non-enumerated methods of acquiring land, we believe there is an ambiguity which permits reference to the prior statute. Furthermore, a statement of repeal does not necessarily prevail over conflict-ing portions of the same statute. In Ex parte Copeland, 91 S.W.2d 700 (Tex. Crim. App. 1936), the Court of Criminal Appeals held that

> '[a] clause in a statute purporting to re-
> peal other statutes is subject to the same
> rule of interpretation as other enactments,
> and the intent must prevail over literal
> interpretation.' An absolute repeal may be
> controlled as a qualified or partial repeal,
> where other parts of the statute show such
> to have been the real intent.

91 S.W.2d at 701-02. In our opinion, the repeal of article 2643b was not intended to affect the exercise of the eminent domain power for the land acquisitions permitted by section 106.35 of the Education Code. Compare Attorney General Opinion H-791 (1976).

Although, as the Texas Supreme Court has observed,

the power of eminent domain must be con-
ferred by the Legislature, either expressly
or by necessary implication, and will not
be gathered from doubtful inferences,

it is also true that strict construction

does not require that the words of a stat-
ute be given the narrowest meaning of which
they are susceptible.  The language used by
the Legislature may be accorded a full
meaning that will carry out its manifest
purpose and intention in enacting the sta-
tute. . . .

Coastal States Gas Producing Co. v. Pate, 309 S.W.2d 828, 831
(Tex. 1958).  In Barnidge v. United States, 101 F.2d 295 (8th
Cir. 1939), a federal appellate court held that a federal
statute which conferred authority upon the Secretary of the
Interior "to acquire . . . property . . . by gift, purchase,
'or otherwise'," included the power of eminent domain, since
a general condemnation authority on the part of the federal
government had been previously enacted.  101 F.2d at 297-98.
In our opinion, this principle is not, standing alone, suffi-
cient to convert the "or otherwise" language of section 106.35
into a general grant of eminent domain power, since there is
no Texas statute which provides for a general condemnation
authority.  When the principle of Barnidge is considered
together with the ambiguous nature of Title 3 of the Education
Code, however, we believe that a court would probably find
that Texas Southern University presently may exercise the
power of eminent domain for purposes of section 106.35 of the
Education Code.

### S U M M A R Y

A court would probably find that the
Board of Directors of Texas Southern
University may exercise the power of
eminent domain for land acquisitions
permitted by section 106.35 of the
Education Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst