

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00161-CV

———————————————————

IN RE CAPRICE GARCIA, Relator

Original Proceeding
16th District Court of Denton County, Texas
Trial Court No. F17-2073-16

Before Gabriel, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

In this original proceeding, relator Caprice Garcia seeks mandamus relief from an order requiring her to pay $3,600 in attorney's fees to real parties in interest Tyler Melton and Proclaim Roofing, LLC, relating to a trial subpoena duces tecum issued on them in a criminal case. Because the trial court had no authority to enter the order and because Garcia lacks an adequate remedy by appeal, we conditionally grant mandamus relief and order the trial court to vacate its November 12, 2019 "Order on Motion for Award of Attorney's Fees, Costs & Expenses."

### I.    BACKGROUND

Garcia is a criminal defense attorney who represents a defendant in the underlying aggravated assault case from which this mandamus proceeding arises. The trial in that case was scheduled for Monday, October 7, 2019. On October 1, 2019, the Denton County District Clerk issued a trial subpoena duces tecum requested by Garcia. The subpoena called for Melton, the president of Proclaim Roofing, to appear as a testifying witness for trial on Monday, October 7, 2019, at 8:00 a.m., and it required him to bring certain company documents relating to Proclaim Roofing to trial. Around 3:30 p.m. on October 4, 2019—the Friday afternoon before trial—the subpoena was delivered to Proclaim Roofing's office.[1]

---

[1]Melton was out of state when the subpoena was delivered, and he was thus not personally served with it.

On the morning of trial, Melton filed a motion to quash the subpoena, complaining, among other things, that delivering the subpoena on the Friday before trial was unreasonable in that it required considerable expedited time and legal expense over the intervening weekend to respond to the subpoena. After hearing argument, the trial court ordered Melton to appear to testify on Thursday, October 10, 2019, and to submit the documents listed in the subpoena for an in-camera inspection. After Melton submitted the documents to the trial court for the in-camera inspection, the trial court ordered that they be turned over to Garcia. Melton later testified at trial. Ultimately, none of the documents produced by Melton were admitted into open court, and Melton's testimony was very brief.

Melton and Proclaim Roofing later filed a "Motion for Award of Attorney's Fees, Costs and Expenses," in which they argued that "[t]he entirety of [Garcia's] actions in issuing a subpoena . . . was an absolute waste of the Court's time as well as that of Melton and his counsel." As such, Melton and Proclaim Roofing sought attorney's fees of $8,925, plus $2,000 for Melton's time away from his business. At the hearing on that motion, the trial court asked, "What is your authority for pursuing attorney's fees on a motion to quash in a criminal case? I guess I'm just not familiar with that having been done before."

After hearing arguments from counsel regarding the authority for the motion (or lack thereof), the trial court stated, "The Court, I believe has the authority to address issues when the discovery process has been abused. In my opinion,

3

subpoenaing someone at 3 o'clock on a Friday afternoon to show up at 8 o'clock [on Monday] . . . is an abuse of the process." The trial court then granted Melton and Proclaim Roofing's motion and ordered Garcia to pay them $3,600 in attorney's fees.[2] Garcia filed the present petition for writ of mandamus, asking us to vacate the trial court's order.

## II.    DISCUSSION

### A.    Mandamus Standard

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and that there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Id.* "A clear right to relief is shown when the facts and circumstances dictate but one rational decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (citing *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011) (orig. proceeding)). When a trial court acts beyond the scope of its lawful authority, a clear right to relief exists. *In re State ex rel. Warren*, No. 02-17-00244-CV, 2017 WL 3404989, at *1 (Tex. App.—Fort Worth Aug. 9, 2017, orig. proceeding)

---

[2]In the trial court's written order on the motion, the trial court stated in one place that Garcia was to pay Melton and Proclaim Roofing the $3,600 award, while in another place, the trial court stated that Garcia was to pay the award to J. Stephen Hunnicutt, Melton and Proclaim Roofing's attorney. Our analysis is not affected by this inconsistency.

4

(citing *In re State ex rel. Robinson*, 116 S.W.3d 115, 119 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding)).

**B.     Did the Trial Court Act Beyond the Scope of Its Lawful Authority?**

Garcia argues that the trial court's order is void because the trial court lacked the authority to enter the order requiring her to pay the award of attorney's fees.

**1.     A trial court's authority to act**

A trial court may take a particular action if it is authorized by constitutional provision, statute, or common law, or by the trial court's inherent or implied powers. *State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). In *Johnson*, the court of criminal appeals referenced the supreme court's discussion of inherent authority in *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex. 1979). *Id.* In *Eichelberger*, the supreme court noted that the inherent powers of a court are those that it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. 582 S.W.2d at 398–99; *see Stearnes v. Clinton*, 780 S.W.2d 216, 223 (Tex. Crim. App. 1989) (orig. proceeding) (holding that when trial court lacked inherent power, it acted without authority).

When an order sanctioning a party or an attorney refers to a specific statute or rule, either by citing the statute or rule, tracking its language, or both, an appellate court is confined to determining whether the sanctions are appropriate under that particular statute or rule. *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied). When a trial court's order does not refer to a specific

5

statute or rule, however, an appellate court may also consider whether an order was appropriate under a trial court's inherent powers. *See Lawrence v. Kohl*, 853 S.W.2d 697, 701 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("In the case before us, the court's order did not refer to a specific rule as support for its ruling. Therefore, we are able to determine whether the order was appropriate under the court's inherent power to administer.").[3]

Here, the trial court's order did not refer to a specific statute or rule. Our review, therefore, is not confined to determining whether one specific statute or rule authorized the trial court's order. *See Metzger*, 892 S.W.2d at 51; *Lawrence*, 853 S.W.2d at 701. Indeed, Melton and Proclaim Roofing contend that the trial court had both statutory authority and inherent authority to make the order. We will consider each of these bases for authority in turn.

**2.      Is the trial court's order authorized by any rule or statute?**

We note that the trial court's statement that it "has the authority to address issues when the discovery process has been abused" is similar to the language in Texas Rule of Civil Procedure 215.3, which authorizes a sanction "[i]f the court finds [that] a party is abusing the discovery process in seeking, making or resisting discovery." Tex. R. Civ. P. 215.3. Sanctions authorized under Rule 215.3 for abuse of the discovery process include requiring a party's attorney to pay all or a portion of the expenses of

---

[3]We recognize that *Metzger* and *Lawrence* are civil cases, but we see no reason why the rationales we have cited for those cases should not also apply here.

discovery. *See* Tex. R. Civ. P. 215.2(b)(2), 215.3. We have found no authority to suggest that Rule 215.3 allows a trial court to sanction an attorney in a criminal case. And, by its own scope, the Rules of Civil Procedure govern "actions of a civil nature," with a few carved-out exceptions for criminal cases that are not applicable here. *See* Tex. R. Civ. P. 2.

Perhaps recognizing that Texas civil rules do not authorize the trial court's order, Melton and Proclaim Roofing argue that Article 39.14(l) of the Code of Criminal Procedure provides a statutory basis for the trial court's order. *See* Tex. Code Crim. Proc. Ann. art. 39.14(l). According to Melton and Proclaim Roofing, the Legislature intended for Article 39.14(l) to authorize such an award, and we should construe it accordingly.

Our objective in statutory construction is to give effect to the Legislature's intent. *Lang v. State*, 561 S.W.3d 174, 180 (Tex. Crim. App. 2018). To do so, we construe a statute according to its plain meaning. *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018). To determine a statute's plain meaning, we read words and phrases in context and construe them according to the rules of grammar and usage. *Id.* We presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Id.*

Article 39.14 requires the State, upon request, to disclose to the defendant discoverable items that "constitute or contain evidence material to any matter involved in the action" subject to certain statutory limitations. *See* Tex. Code Crim.

7

Proc. Ann. art. 39.14(a). If the State has not received a request, it has an affirmative duty to disclose "any exculpatory, impeachment, or mitigating document, item, or information" in its possession, custody, or control "that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." *Id.* art. 39.14(h); *Lindsey v. State*, 582 S.W.3d 810, 819–20 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Article 39.14(l)—the provision that Melton and Proclaim Roofing claim authorizes the trial court's order—states that "[a] court may order the defendant to pay costs related to discovery under this article, provided that costs may not exceed the charges prescribed by Subchapter F, Chapter 552, Government Code." Tex. Code Crim. Proc. Ann. art. 39.14(l). Subchapter F, Chapter 552 of the Government Code relates to charges for the reasonable cost of providing a copy of public information to a defendant. *See* Tex. Gov't Code Ann. § 552.261.

Construing Article 39.14(l) according to its plain meaning, we do not see how it could authorize the trial court's order. First, Article 39.14(l), by its express terms, only authorizes an order "related to discovery under this article." Tex. Code Crim. Proc. Ann. art. 39.14(l). While Article 39.14 concerns discovery between the State and a defendant, it does not address a trial subpoena duces tecum issued to a nonparty. *See id.* art. 39.14; *Martin v. Darnell*, 960 S.W.2d 838, 842 (Tex. App.—Amarillo 1997, no writ) ("[W]e hold that Stangel's statutory right of pretrial discovery is limited to that provided by article 39.14. That statute clearly does not provide for discovery of documents from non-party witnesses."). Second, Article 39.14(l), by its express terms,

8

authorizes a trial court to order a *defendant* to pay costs related to discovery under the article. Tex. Code Crim. Proc. Ann. art. 39.14(l). That provision does not authorize a trial court to order a *defendant's attorney* to pay costs, and we will not read those words into the statute. *See Parfait v. State*, 120 S.W.3d 348, 350 (Tex. Crim. App. 2003) (stating that "it is not for the courts to add or subtract" words from an unambiguous statute). Third, the costs authorized by Article 39.14(l), by the statute's express terms, are not to exceed the charges for the reasonable cost of providing a copy of public information to a defendant under Subchapter F, Chapter 552 of the Government Code. Tex. Code Crim. Proc. Ann. art. 39.14(l). We do not see how an award of $3,600 in attorney's fees squares with that limitation.

In short, after construing Article 39.14(l) according to its plain meaning, we have determined that the trial court's order is not authorized by the statute. *See Wagner*, 539 S.W.3d at 306; *see also In re State*, No. 01-19-00688-CR, 2020 WL 1943033, at *5 (Tex. App.—Houston [1st Dist.] April 23, 2020, orig. proceeding) ("[A]rticle 39.14 does not confer statutory authority to issue monetary sanctions"). Because the trial court's order is not authorized by Article 39.14(l), and because we have found no other statutory or rule-based authority to support the order, we now turn to whether the trial court had inherent authority to make the order.

### 3. Is the trial court's order authorized by its inherent authority?

Melton and Proclaim Roofing point to several civil cases for the proposition that a trial court has inherent authority to sanction bad-faith abuses of the judicial

9

process.  *See Eichelberger*, 582 S.W.2d at 399; *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Metzger*, 892 S.W.2d at 51; *Lawrence*, 853 S.W.2d at 700.  The supreme court recently reaffirmed this proposition in *Brewer v. Lennox Hearth Products, L.L.C.*, holding that "sanctions issued pursuant to a court's inherent powers are permissible . . . to deter, alleviate, and counteract bad-faith abuse of the judicial process."  601 S.W.3d 704, 708 (Tex. 2020).  Melton and Proclaim Roofing are essentially asking us to hold that this proposition also applies to a trial court's authority in criminal cases.

For argument's sake, we will take that leap and assume, without deciding, that a trial court has inherent authority to award attorney's fees to sanction bad-faith abuses of the judicial process in a criminal case.  *Cf. Eichelberger*, 582 S.W.2d at 399 n.1 (stating categorically that summoning and compelling the attendance of witnesses is part of the inherent authority of the district courts); *Bludworth v. State*, 330 S.W.2d 436, 438 (Tex. Crim. App. 1959) (same); *In re State*, 162 S.W.3d 672, 677 (Tex. App.—El Paso 2005, orig. proceeding) (denying discovery under Michael Morton Act, but distinguishing discovery from inherent authority including summoning and compelling witness attendance).  But, as made clear in *Brewer*, a trial court must make a finding of bad faith to support sanctions imposed under the trial court's inherent authority.[4]  601 S.W.3d at 718 ("[I]nvocation of the court's inherent power to sanction

---

[4]As the court stated in *Brewer*, "Bad faith is not just intentional conduct but intent to engage in conduct for an impermissible reason, willful noncompliance, or

10

necessitates a finding of bad faith."), 723 ("Requiring a predicate finding of bad faith before imposing sanctions under the amorphous and uniquely powerful inherent authority to sanction does not 'handcuff' courts as the concurrence says.").

Moreover, many Texas courts, including our own, have stated that when a trial court uses its inherent power to impose sanctions, it must also make a finding that the complained-of conduct significantly interfered with the trial court's legitimate exercise of its core functions.[5]  *See, e.g.*, *In re E.A.*, No. 02-18-00233-CV, 2020 WL 3969587, at

---

willful ignorance of the facts."  601 S.W.3d at 718–19.  "Errors in judgment, lack of diligence, unreasonableness, negligence, or even gross negligence—without more—do not equate to bad faith.  Improper motive, not perfection, is the touchstone."  *Id.* at 719.

In determining whether bad faith informed the issuance of a witness subpoena for a criminal trial, the summoning court should always recall that criminal defendants have a constitutional right to compulsory process for obtaining witnesses for their defense.  U.S. Const. amend. VI; Tex. Const. art. I, Sec. 10; *Emenhiser v. State*, 196 S.W.3d 915, 921 (Tex. App.—Fort Worth 2006, pet. ref'd).  This right to compulsory process is not, however, absolute; criminal defendants have only the right to secure the attendance of witnesses whose testimony would be both material and favorable to their defense.  *Emenhiser*, 196 S.W.3d at 921.  To exercise this right, the defendant must make a plausible showing to this effect to the trial court, by either sworn evidence or agreed facts.  *Coleman v. State*, 966 S.W.2d 525, 528 (Tex. Crim. App. 1998); *Emenhiser*, 196 S.W.3d at 921.  A mere belief that a witness would support the defense's case is insufficient to establish materiality.  *Emenhiser*, 196 S.W.3d at 921.  Moreover, the right to compulsory process is dependent upon the criminal defendant's initiative and diligence in summoning the witness, including a showing of "deliberate planning and affirmative conduct" on the part of the defendant.  *See id.*

[5]Notably, in *Brewer*, the court declined to address whether this was an additional requirement.  *See* 601 S.W.3d at 717 ("[W]e need not consider whether substantial interference with the court's legitimate exercise of one of its traditional core functions is an additional requirement.") (internal quotations omitted).

*4 n.4 (Tex. App.—Fort Worth June 18, 2020, no pet.) (mem. op.); *Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 147 (Tex. App.—Dallas 2011, no pet.); *Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 524 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 447 (Tex. App.—Austin 2004, pets. denied).

Here, the trial court did not make findings that Garcia's conduct was in bad faith and that Garcia's conduct significantly interfered with the trial court's legitimate exercise of its core functions. Accordingly, assuming without deciding that a trial court has inherent authority to award attorney's fees to sanction bad-faith abuse of the judicial process in a criminal case, the trial court violated its ministerial duty by failing to make the requisite findings. *See Brewer*, 601 S.W.3d at 718, 723; *E.A.*, 2020 WL 3969587, at *4 n.4. Because we have determined that the trial court violated its ministerial duty, we now turn to whether Garcia has an adequate remedy by appeal.

## D.   Does Garcia Have an Adequate Remedy by Appeal?

Garcia is not a party to the underlying criminal case, so she cannot appeal from a final judgment. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (providing a defendant the right to appeal in a criminal action); *see also id.* art. 44.01 (providing that the State may appeal certain orders in a criminal action). Mandamus is an appropriate remedy for a nonparty when the nonparty has no right of direct appeal. *See In re A.A.*, No. 2-06-467-CV, 2008 WL 3540270, at *4 (Tex. App.—Fort Worth Aug. 14, 2008, no pet.) (mem. op. on reh'g) ("Because the Office of the Attorney General is a nonparty

12

attempting to appeal an order, not a final judgment, any remedy available is via mandamus."); *In re Bain*, 144 S.W.3d 236, 239 (Tex. App.—Tyler 2004, orig. proceeding) (applying proposition that a nonparty may obtain relief from a trial court order by way of petition for writ of mandamus to discovery order); *In re Cobb*, No. 05-98-01965-CV, 1999 WL 689621, at *3 (Tex. App.—Dallas Sept. 7, 1999, orig. proceeding) (not designated for publication) (stating that "mandamus is a proper remedy for a trial court's action against nonparties because they have no right of appeal"). Because Garcia has no adequate remedy by appeal, mandamus is appropriate.[6]

## III.  CONCLUSION

Because Garcia has established that the trial court violated a ministerial duty and that she has no adequate remedy by appeal, she is entitled to mandamus relief. *See Weeks*, 391 S.W.3d at 122. Accordingly, we conditionally grant a writ of mandamus and direct the trial court to vacate its November 12, 2019 "Order on Motion for Award of Attorney's Fees, Costs & Expenses." *See* Tex. R. App. P. 52.8(c). Our writ will issue only if the trial court fails to comply.

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered:  August 20, 2020

---

[6]In their response brief, Melton and Proclaim Roofing say nothing to suggest that Garcia has an adequate remedy by appeal.