YEOMAN, *Appellant*, *v.* YOUNGER *et al.*

1. **Judgment, when not subject to Collateral Attack.** Where the court has jurisdiction of the parties and the subject matter of a suit, its judgment and process thereunder, however erroneous or irregular, cannot be questioned in collateral proceedings so as to defeat titles acquired thereby.

2. **Administration:** FINAL SETTLEMENTS: JUDGMENTS. The final settlements of guardians, curators, administrators and executors have the force and effect of general judgments and are entitled to the same immunities.

3. ——: PROBATE JURISDICTION: STATUTE. Under General Statutes, 1865, p. 556, § 7, county courts had exclusive original probate jurisdiction in the settlement and allowance of accounts of guardians and curators, and appeals from such courts to the circuit courts lay from final settlements (G. S., p. 473, § 50). On appeal from the county court to the circuit court from a final settlement, and a change of venue from the latter to the circuit court of another county the last named court acquired jurisdiction.

4. **Probate Courts, Powers of.** Before the enactment of Revised Statutes, sec. 2611, probate courts had the inherent power on final settlements to order the amounts found due wards to be paid over to them, and to enforce their judgments by execution or other appropriate process.

*Appeal from Lawrence Circuit Court.*—HON. M. G. MC-GREGOR, Judge.

REVERSED.

*Henry Brumback* for appellant.

*J. C. Cravens*, and *W. C. Price* for respondents.

RAY, J.—This is an action of ejectment, for eighty acres of land in Lawrence county. The petition was filed August 30, 1881, and is in the usual statutory form. The answer is a special denial and contains further the allegations that defendants were at date of suit and are the legal owners in fee of the land in dispute and rightfully in possession thereof. It was agreed that defendant,

Younger, is the common source of title.  The case was tried by the court without the intervention of a jury.

It appears from the record that the respondent, Wm. H. Younger, who was the guardian and curator of Ephraim Woodrow, made application for a final settlement of his accounts with said ward at the November term, 1866, of the probate court, and that at the July term, 1867, which was the first regular term after the expiration of the three months during which said exhibit was required to remain on file for the examination of parties interested, said guardian appeared in person and said ward by attorney, and by consent of parties the said application for final settlement and the objections of said ward thereto which had been previously filed, were taken up and the probate court, upon an examination of the accounts and the witnesses, found the exhibit incorrect and that the balance due by said guardian to said ward instead of being the sum of $245.50, as claimed by said guardian, was the sum of $3,438.95, which last sum the court ordered to be paid over.  Thereupon said Younger took his appeal to the circuit court of Lawrence county, whence the venue of said cause was changed, on his application, to the circuit court of Greene county, where upon a trial anew the following finding and judgment was on August 19, 1871, had and entered in said cause :

"*Ephraim Woodrow*, plaintiff, *v. Wm. H. H. Younger*, defendant.

"Judgment on report of referee.

"Now, at this day comes on this cause to be heard on the exceptions filed by the defendant on the 27th day of May, 1870, and the 12th of December, 1871, to the report of the referee herein, and after hearing the arguments of counsel for the plaintiff and defendant on said exceptions and the report of the referee, it is adjudged, considered and decreed by the court that said exceptions be not allowed, but the same are overruled, and that the report

of the referee herein, in all things, be approved and confirmed, and it appearing to the court from said report that on the 11th day of May, 1871, the said defendant was indebted to the plaintiff as his late curator in the sum of two thousand two hundred and ninety-five dollars and seventy-seven cents for debt. It is therefore considered by the court that plaintiff have and recover of and from said defendant the said sum of two thousand, two hundred and ninety-five dollars and seventy-seven cents for debt, and the further sum of one hundred and thirty-three dollars for interest from the 11th day of May, 1871, aforesaid, and that this judgment bear interest at the rate of ten per cent. per annum."

Said judgment was assigned by said Woodrow to Wm. Yeoman, the plaintiff on March 5, 1879, and a general execution issued thereon June 24, 1879, directed to the sheriff of Lawrence county, who levied upon and sold thereunder the interest of said Younger in the real estate in suit and made to this plaintiff, who was the purchaser at said sale, a deed therefor, dated March 21, 1880, and filed for record August 2, 1881. The plaintiff's claim to said land was under and by virtue of said deed. As will be seen by the court's action upon the declarations of law asked by the parties, the case was made to turn upon the validity of said judgment, and whether it would authorize and support an execution, and we, therefore, deem any further statement of the evidence unnecessary and immaterial.

The court refused to give for the plaintiff the following declarations of law:

1. The sheriff's deed to plaintiff read in evidence, passed to plaintiff all the title of the defendant, Younger, in the real estate therein described, and if the defendant was in possession of the premises sued for at the time of the levy thereon of the execution recited in such deed, and was also in such possession at the institution of this suit, then plaintiff is entitled to recover.

4. If the case of Woodrow against Younger origi-

nated in the probate court of Lawrence county, on the exhibit of said Younger for final settlement as guardian of said Woodrow and the exceptions of said ward thereto, and was taken by appeal to the circuit court of Lawrence county, and thence by change of venue to the circuit court of Greene county, and both parties appeared to such action in all such courts, then the latter court had jurisdiction to finally determine the matter of such guardianship accounts, and jurisdiction of the person of said Younger in that behalf, and the final judgment of said court thereon, referred to in said sheriff's deed and which has been read in evidence, is valid and cannot be attacked collaterally in this action, for any errors or irregularities therein, if any, or for the reason that such judgment is different, if so in fact, in either form or substance from what it should have been, and unless such judgment in express terms provides that other preliminary steps should first be taken before execution should issue, the plaintiff was entitled to an execution on and in conformity with such judgment.

At the instance of defendants, the court gave the following declaration of law:

If the judgment referred to in said sheriff's deed, offered in evidence by the plaintiff is a judgment in the Greene circuit court, based on an appeal by defendant as guardian and curator of said Ephraim Woodrow, from the probate court of Lawrence county, Missouri, on exhibits of said defendant in said probate court for final settlement of said guardian and curatorship, then said judgment did not authorize the issuance of any execution thereon, and the said execution is therefore void.

The plaintiff thereupon took a nonsuit, with leave to move to set it aside, and after an unsuccessful motion for that purpose appealed the cause to this court.

The question thus presented, for our consideration, is the validity, force and effect of the sheriff's deed, under which the plaintiff claims title to the real estate in question. That deed, as we have seen, rests upon an ex-

ecution issued upon the said judgment of the Greene circuit court, above set out, and that judgment is "based on an appeal, by the defendant as guardian and curator of said Ephraim Woodrow, from the probate court ·of Lawrence county, on exhibits of said defendant, in said probate court, for final settlement of said guardian and curatorship;" and it was, in effect, held by the trial court, by its said declarations of law, that said judgment so rendered and based did not authorize an execution, and that said execution issued thereon was void, and the sale and sheriff's deed thereunder passed no title; and this ruling of the trial court is here assigned for error.

It is the well-settled law of this state, by decisions too numerous to mention, that, where the court has jurisdiction of the parties to the suit, and of the subject matter of the action, its judgment and process thereunder, however erroneous, or irregular, cannot be questioned in collateral proceedings like this, so as to defeat titles acquired by judicial sales thereunder. In this case, there can be no question but that both the Greene circuit court and the Lawrence probate court, from which the appeal came, had jurisdiction of the parties to said suit or proceeding, as well as the subject matter thereof. The record shows that both parties appeared in both courts and contested the matter of said final settlement of said guardian and curatorship, and the statute then in force shows that the probate court of Lawrence county had exclusive original jurisdiction in the settlement and allowance of accounts of executors, administrators, and guardians, and to hear and determine all disputes and controversies, whatever, respecting the duties or accounts of executors, administrators or guardians, subject to an appeal, in all cases, to the circuit court in such manner, as may be provided by law. Sec. 7, chap. 137, Gen. Stat., 1865, p. 556.

Section 50, chap. 116, same revision, page 473, provides that "appeals shall be taken from the decisions of such court, on final settlement, as in the case of executors

and administrators." Section 8 of chap. 127, regulating the allowance of appeals in case of executors and administrators, from the decision of courts having probate jurisdiction to the circuit court, provides that: "Upon the filing of such transcript and papers, in the office of the clerk of the circuit court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection, in the proceedings of the court having probate jurisdiction." There can, therefore, be no question of the jurisdiction of the Greene circuit court, by reason of said appeal and change of venue, of the subject matter of said exhibit of said guardian and curator for final settlement, so filed in the probate court of Lawrence county as aforesaid.

It is equally well-settled, by numerous decisions of this court, that the final settlements of guardians and curators, executors, administrators, etc., have the force and effect of general judgments and are entitled to the same immunities.

It is true that the General Statutes of 1865, which were in force at the date of the proceedings and settlement in question, nowhere, in express terms, directed the probate court to order the amount so ascertained and found due, paid over to the ward, or to issue execution, or other process to enforce its collection ; but it does not follow, that the court had no such power. The authority to make settlement, to hear and determine such disputes and controversies, expressly conferred by statute, implies the power to order the payment so found due and owing and enforce its collections by execution. The revision of 1879, by section 2611, has supplied the surviving defect of the General Statutes of 1865, but this section is, we think, but a legislative declaration of the power necessarily inhering in the court, by its very being and constitution. By express statute, "all courts have power to issue all writs, which may be necessary in the exercise of their respective jurisdictions according to the principles and usages of law." Sec. 17, chap. 133, Gen. Stat. 1865, p. 538.

By sec. 44, chap. 116, Gen. Stat., p. 472, the probate court has power, whenever a minor having a guardian or curator, dies possessed of property, real or personal, to distribute the personal estate among those interested by ordering the same to be paid over by the guardian or curator to the distributees; and by section 46, same chapter, whenever it appears to the court, that a minor is not a resident of this state, and has a guardian in another state, the court may authorize or compel the guardian or curator to deliver over to such foreign guardian all the property of which he may have the custody, belonging to such minor, and will it be doubted that it has the power on final settlement, to order the amount found due the ward, paid over to him, and to enforce its judgment by execution or other appropriate process? We think not. It follows, therefore, that the trial court erred in refusing the declarations of law, asked by the plaintiff, and in giving that asked by the defendant.

For these reasons, the judgment of the circuit court is reversed, and the cause remanded for further proceedings, in conformity hereto. All concur, except Sherwood, J., not sitting.