THE STATE EX REL. LESLIE RUDOLPH, Warden of Missouri State Penitentiary, v. O'NEILL RYAN, Judge of Division 11 of Circuit Court of City of St. Louis.—38 S. W. (2d) 717.

Court en Banc, April 30, 1931.

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Assistant Attorney-General, for relator.

*Franklin Miller,* Circuit Attorney, and *Forrest G. Ferris, Jr.,* Assistant Circuit Attorney, for respondent.

730

GANTT, J.—Original proceeding in prohibition. Cause submitted on the pleadings. On December 17, 1930, a writ of *habeas corpus ad testificandum* issued by the Circuit Court of the City of St. Louis was served on the warden of the penitentiary, commanding him to produce in said court Dode Kelley, a prisoner in the penitentiary under sentence for a felony, to testify as a witness for the State in the case of State v. Sellards. The warden refused to obey the writ. Thereupon a citation was issued by said court and served on the warden, commanding him to appear and show cause why an attachment should not issue against him for contempt of court in refusing to obey the writ. Further proceedings under said citation were prohibited by our rule in prohibition.

The warden questions the authority of the circuit court to issue the writ. Circuit courts have jurisdiction over criminal cases. [Sec. 22, Art. VI, Constitution.] They are authorized by the Constitution to try such cases. They cannot do so without witnesses. Authority to compel the attendance or production of witnesses is an element of jurisdiction. It is essential to the existence of said courts and

to the due administration of justice. [15 C. J. 732.] Without such authority there is no jurisdiction. In other words, said courts have the inherent power to compel the attendance or production of witnesses. Having such power they are authorized to issue process, "according to the principles and usages of law," for that purpose. [Yeoman v. Younger, 83 Mo. 424, l. c. 429.] Furthermore, by statute, declaratory of the common law, "all courts shall have power to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law." [Sec. 1844, R. S. 1929.] The writ under consideration is of ancient origin and has been available at all times to compel the custodian to produce a prisoner in court to give testimony. We have no doubt of the full and complete authority of the circuit court of the City of St. Louis to issue the writ. Having such authority, said court is authorized to compel the warden to obey the writ. However, it must be understood that the writ is grantable in the discretion of the court. Abuse of the process should not be permitted. On the hearing of the petition for the writ, the court should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness. If it appears that the application is in good faith and the testimony is material and important, the petition for the writ should be granted.

The warden cites as sustaining his contention Section 1745, Revised Statutes 1929, which follows:

"Courts of record, and any judge or justice thereof, shall have power, upon the application of any party to a suit or proceeding, civil or criminal, pending in any court of record, or public body authorized to examine witnesses, to issue a writ of *habeas corpus,* for the purpose of bringing before such court or public body any person who may be detained in jail or prison, within the State, for any cause, except a sentence for a felony, to be examined as a witness in such suit or proceeding, on behalf of the applicant."

If by this section it was intended to limit the use of the writ, the section is, to that extent, unconstitutional. As stated, the Constitution authorizes circuit courts to issue the writ. It follows that the Legislature is without authority to limit its use.

He also cites Ex parte Marmaduke, 91 Mo. 228, 4 S. W. 91. In that case it was disclosed that the criminal court of St. Louis issued a writ of *habeas corpus ad testificandum* commanding the warden to produce in court a prisoner under sentence for a felony, to give testimony for the defendant in State v. Fotheringham. The warden refused to do so. Thereafter he was arrested for contempt under a writ of attachment issued by said court. Thereupon our writ of

*habeas corpus ad subjiciendum* was served on the sheriff commanding him to justify his detention of the warden. In this way the question of the authority of the criminal court to issue a writ of *habeas corpus ad testificandum* was presented for our determination.

In the majority opinion in that case we held that the criminal court was without authority to issue a writ of *habeas corpus ad testificandum* to produce a prisoner under a sentence for a felony. In the main, we justified the ruling on the grounds of inconvenience and surmised interference with the control of the convicts in the penitentiary. Obviously, those grounds do not justify the ruling.

In the concurring opinion the ruling was justified by reasoning that the power of the Legislature to disqualify a convict as a witness authorized it to prohibit his removal from the penitentiary to testify as a witness. This would be sound reasoning if the Legislature had so disqualified convicts. It has not done so. On the contrary, disqualification without exception was removed by the Legislature in 1879. And by statutory authority, a convict's deposition may be taken in the penitentiary. [Sec. 3621, R. S. 1929.] Indeed it was not contended in the Marmaduke case that the convict was disqualified. It follows that the majority and concurring opinions in said case are in conflict with the section of the Constitution which gives circuit courts jurisdiction over criminal cases. Furthermore, in that case the process for the production of the witness was at the instance of the defendant. Therefore, said opinions are also in conflict with section 22, Article II, of the Constitution which provides that "in criminal prosecutions the accused shall have the right . . . to have process to compel the attendance of witnesses in his behalf." The majority and concurring opinions in that case should be and are overruled.

Our provisional rule herein was improvidently granted, and the proceedings should be dismissed. It is so ordered. All concur.