STATE v. FRED BAGGES, Appellant.—No. 38241.—169 S. W. (2d) 407.

Division Two, March 25, 1943.

*Morris A. Shenker* and *Louis E. Zuckerman* for appellant.

*Roy McKittrick,* Attorney General, and *Lawrence L. Bradley,* Assistant Attorney General, for respondent.

TIPTON, J.—In the circuit court of the City of St. Louis, Missouri, the appellant was convicted of the crime of robbery in the first degree, and his punishment was assessed at imprisonment in the penitentiary for ten years.

On March 5, 1941, a man rang the doorbell of a residence located at 5261 Waterman Avenue, in St. Louis, and Mrs. Betty Howard answered the bell. He asked her if she was Mrs. Howard and then pushed her aside, and entered the house, followed by two men. He had a gun in his hand and forced her to lie down with her face to the floor. One of the other men was also armed, and he flourished his gun, advising that "This is a stick-up." Appellant demanded to know where her money was and she informed him it was in her pocketbook in the pantry. Mrs. Howard informed the robbers her son was in a back bedroom and while one of the three men stayed with her, appellant went after her son, brought him to the same room, and compelled him to lie on the floor with his mother. Appellant also got the maid, brought her in, and caused her to lie on the floor.

These men took $102.00 from Mrs. Howard's pocketbook, and then took three rings from her fingers which were valued at $1,000.00. Mrs. Howard, her son, and the maid testified the appellant was one of the men who participated in the robbery. The evidence was sufficient to sustain the verdict, and the trial court properly overruled the demurrers to the evidence. State v. Davis, 161 S. W. (2d) 973.

On the second day of the trial, the court revoked and set aside its order made just before the start of the trial, directing that a writ of habeas corpus ad testificandum be issued to the Warden of the Missouri Penitentiary to produce as a witness for appellant, John Otto, a convict confined in that institution.

The day the trial started, appellant filed the following application:

"STATE OF MISSOURI, ⎱
 ⎰ ss.
"CITY OF ST. LOUIS. ⎱

"IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS,
"STATE OF MISSOURI.

"TO THE Honorable Joseph Ward:
"Circuit Judge of the City of St. Louis:
"In the Matter of Fred Bagges:

"PETITION FOR WRIT OF HABEAS CORPUS
"AD TESTIFICANDUM.

"Now this day comes Morris A. Shenker, Attorney for above named defendant in said cause, and represents in this Court that the above action, now pending in this Court, is founded upon robbery; that the defense to said action is not guilty; that John Otto, who is now a prisoner at the State Penitentiary in Jefferson City, Missouri,

under a conviction of robbery, is and will be a material and necessary witness for this defendant on the trial of said cause, and he verily believes; and that the defendant cannot safely proceed to the trial of said cause without the testimony of the said John Otto. Petitioner further states that said cause is set for trial in the Circuit Court of the City of St. Louis, Division No. 12, on the 5th day of November, 1941.

"WHEREFORE, your petitioner prays that a writ of habeas corpus ad testificandum issue out of this Court to the proper official at the State Penitentiary in Jefferson City, Missouri, commanding him to bring the body of the said John Otto before said Circuit Court of the City of St. Louis, Missouri, Division No. 12, on the said sixth day of November, 1941, then and there to give his testimony in said cause.

"Dated this fifth day of November, 1941.

"(Signed) M. A. Shenker,
"Petitioner.

"STATE OF MISSOURI, ⎫
 ⎬ ss.
"CITY OF ST. LOUIS. ⎭

"Morris A. Shenker, the petitioner named in the foregoing petition, being duly sworn, says that he has read the said petition, the facts contained therein to his best knowledge and belief are true.

"(Signed) M. A. Shenker,
"Petitioner—Affiant.

"Subscribed and sworn to before me this 5 day of November, 1941.

"(Signed) L. J. Kickham,
"Circuit Clerk for Criminal Causes,
"Per John H. Adam."

Section 1909, R. S. (Mo.) 1939, provides for the issuance of a writ of habeas corpus for the purpose of bringing before a court of record any person confined in a jail or prison to be examined as a witness in any suit or proceeding on behalf of the applicant.

Section 1911, R. S. (Mo.) 1939, reads:

"Further proceedings to obtain evidence—An application for such writ shall be verified by affidavit, and shall state the title and nature of the proceeding in which the testimony of the prisoner is desired, the court or officer before whom pending, and that the testimony of such prisoner is material and necessary to the applicant on the trial or hearing of such suit or proceeding, as he is advised by counsel, and verily believes."

We think this application was a sufficient compliance with Section 1911, supra. It stated the action was "pending in this court," and from the caption of the application, we see it was "The Circuit Court of the City of St. Louis;" the cause of action was founded on the robbery and was made on behalf of the above named defendant, Fred

Bagges; and John Otto, a prisoner in the State Penitentiary "is and will be a material and necessary witness for this defendant;" and it is sworn to by appellant's attorney.

Since the statute is silent as to the person by whom the affidavit shall be made, it may be made by the attorney who is familiar with the facts. 2 C. J. 927, Section 6. Moreover, since, on the hearing of the motion, the evidence shows that the attorney who made the affidavit was the person familiar with the facts that John Otto would testify, he was the proper person to make the affidavit. Gardner v. Steadman, 31 Cal. App. 447, 160 Pac. 834.

██ As previously stated, we think the application was a sufficient compliance with the statute, at least it was not so fatally defective as to be void. Moreover, the order for the writ was not set aside on account of any defect in the application, but because appellant's attorney would not agree in advance that he would not ask Otto any question not made in his offer of proof. On hearing the application, the State's attorney asked counsel for appellant if he would make an offer of proof, and appellant's counsel made the following offer:

"It is my information from which I have formed a belief at this time, that John Otto, if permitted to appear here, would testify that the persons who participated in the robbery for which defendant, Fred Bagges, is now being tried, did not include Fred Bagges, and that the defendant Bagges was not one of the persons who participated in the robbery. That is what John Otto told me."

"Mr. SHENKER: 'But I want him to testify to other things. He told us that the woman is all wrong, that Fred Bagges did not participate, that he was not in it.'

"The COURT: 'Of course, if he will testify to anything that is relevant, I think he should be brought back, but if it is a question of time, what he got in another case, that is a separate and distinct case. That is irrelevant. There would be an objection raised in the courtroom to "What did Otto get in this case," and I would sustain the objection.' "

The next day, the acting circuit attorney appeared before the court and moved that this writ of habeas corpus already issued be revoked because the attorney for appellant would not agree to confine his examination of John Otto solely to the offer of proof made the day before. The court sustained the motion.

We think when a convict will testify that he was one of the persons who committed the robbery and that the defendant on trial did not participate in the robbery, that such testimony was material to defendant's defense, and it complied with our ruling in the case of State ex rel. Rudolph v. Ryan, 327 Mo. 728, 38 S. W. (2d) 717, l. c. 717, wherein we said:

". . . On the hearing of the petition for the writ, the court should require strict proof of the materiality of the testimony . . ."

We raise the question, without making any decision, "Does the Statute require strict proof?" especially in view of Section 22, Article II, of the Missouri Constitution, which provides:

"In criminal prosecutions the accused shall have the right . . . ; to have process to compel the attendance of witnesses in his behalf; . . ."

We have already said the testimony of John Otto as stated in the offer of proof was material to appellant's defense, and under the constitutional provision above quoted, and the statutes already referred to, the appellant was entitled to process that would compel this witness to appear at the trial.

In the event the appellant sought to elicit irrelevant testimony from this witness, the trial court has the power to prevent it in the orderly procedure of conducting a trial before a jury. The trial court erred in revoking the order for the writ.

The judgment of the trial court should be reversed and the cause remanded. It is so ordered. All concur.