**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Loal Junior JOINER,
Defendant-Appellant.**

**No. 38573.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 25, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Jan. 9, 1978.

Welman, Beaton & Sharp, Kennett, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, Charles H. Baker, Pros. Atty., Kennett, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals his conviction and life sentence for the first degree murder of John Holder. We affirm.

No question is raised of the sufficiency of the evidence to support the conviction. There was evidence to support a finding that defendant and others attempted to rob Holder at his liquor store; that Holder resisted and was shot to death by defendant. There was evidence by defendant that he sought only to buy liquor from Holder; that Holder refused because defendant was intoxicated; that Holder drew a pistol; that defendant was carrying a pistol; that a fight ensued and a gun discharged killing Holder. An instruction on self-defense was given to the jury.

■ Defendant's first point is that the trial court erroneously admitted testimony of his confession on the basis that the confession was not voluntary. Since the confession was made while defendant was in custody, the burden was upon the State to show that the confession was voluntary. *State v. Nolan*, 423 S.W.2d 815 (Mo.1968) [5–9]. It is unnecessary for us to set forth in detail the evidence before the trial court at the hearing on voluntariness. Suffice it to say that the State's evidence, if believed, warranted a finding that defendant was advised of his rights and that no force, threats or promises were employed in obtaining the confession. Defendant's evidence was conflicting to that of the state. The credibility of the witnesses was for the trial court to determine. *State v. Anderson*, 384 S.W.2d 591 (Mo. banc 1964) [23]. We cannot find manifest error in the determination of the trial court nor find that the evidence conclusively establishes the involuntariness of the confession. *State v. Garrett*, 510 S.W.2d 853 (Mo.App.1974) [2–4].

■ Defendant's second point is that the court erred in admitting into evidence statements made by a co-participant in the crime. Defendant contends these were hearsay and denied him the right of confrontation. The testimony of the police officers who testified to these statements was that the statements were made in the presence of defendant and that defendant affirmatively adopted the statements by either nodding or stating the statements were correct when queried by the officers if

"that was the way it happened." Under those circumstances the statements were admissible. Defendant did not simply remain silent while the statements were being made, but affirmatively adopted them as his own. They became his confessions and were admissible as such. See *State v. Roulette*, 451 S.W.2d 336 (Mo.1970); *State v. Wilson*, 286 S.W.2d 756 (Mo.1956).

■ Defendant's final point is that the trial court erred in sustaining the State's objection to testimony concerning defendant's treatment while confined in the Arkansas State Penitentiary in 1964 and 1965, eleven years prior to this trial. The purpose of this testimony was to show that as a result of defendant's treatment in that institution he was afraid not to cooperate with law enforcement officers and this affected his state of mind at the time he confessed. The trial court did permit testimony by defendant of prior physical beatings in 1963 in the Dunklin County Jail. This was the same jail in which the confession testified to at trial was made. Whether evidence is too remote to be material is largely a matter of discretion for the trial court. *State v. Feger*, 340 S.W.2d 716 (Mo. 1960) [17–20]. We find no abuse of that discretion here. The circumstances of defendant's treatment at the Arkansas penal facility was remote in both place and time and its materiality to entirely different circumstances in the Dunklin County Jail was tenuous at best. The earlier Dunklin County Jail experience, while equally remote in time, was not remote in place and had some materiality to defendant's treatment and state of mind at the time of his confession.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.