**Lloyd UNDERWOOD, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 40489.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Application to Transfer Denied
Jan. 15, 1980.

Robert C. Babione, Public Offender, Kevin Curran, Asst. Public Defender, St. Louis, for movant.

Lloyd Underwood, pro se.

John Ashcroft, Atty. Gen., Paul Robert Otto, Teresa Aloi Angle, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

After an extended evidentiary hearing Movant Lloyd Underwood (hereafter defendant) appeals the denial of his Rule 27.26 motion.

Defendant seeks to set aside his 1970 armed robbery conviction, affirmed on appeal in *State v. Underwood,* 470 S.W.2d 485 (Mo.1971). As a prior felon defendant had

been sentenced to 30 years in prison. At the original trial defendant was represented by retained counsel, Mr. Lawrence Willbrand. Appointed counsel represented defendant on his original appeal, on the present motion, and on this appeal from its denial.

Defendant's motion first charges ineffective assistance of trial counsel by failing to make an adequate pre-trial investigation in not interviewing three prospective witnesses: the victim Dorothy Wolff, the arresting officer Ronald Roach, and defendant's brother Tom Underwood. These in turn.

Defendant testified—but trial counsel did not recall—that he asked counsel to interview the robbery victim and discredit her by showing she was a prostitute. Instead, trial counsel made the tactical decision to cross-examine the victim about probable entrapment, based on testimony that two police officers were waiting at the scene of the robbery as the victim returned from a bank—with an empty money bag.

Defendant also contends trial counsel failed to interview police officer Roach about his testimony he took the money bag from the victim's car rather than from her person as alleged. Due to illness Roach did not testify. But on cross-examination officer Steenbergen supported defendant's factual contention.

Defendant's last challenge to counsel's trial preparation is about defendant's prior conviction. He now contends trial counsel failed to interview his brother Tom Underwood who defendant says could have contradicted the workhouse warden's identification testimony. Defendant himself negated this by admitting he had in fact been confined at the time in question.

■ We accept the trial court's conclusion that the extent of trial counsel's pretrial investigation was discretionary and was not so inadequate as to deny defendant a fair trial. Compare *Aikens v. State,* 549 S.W.2d 117(2–4) (Mo.App.1977). We deny defendant's primary point.

■ By defendant's second claim of inadequate counsel he contends counsel should have requested a medical examination to determine whether defendant was mentally competent to stand trial. At the motion hearing defendant testified that ever since a severe cranial injury twenty some years ago he had suffered headaches and used habit-forming medication for nervousness. Defendant's sisters testified he was nervous and forgetful, but coherent. Trial counsel testified defendant had understood the pending charge of armed robbery and the probable evidence, that in their discussions defendant was intelligently responsive, and counsel had no information leading him to question defendant's competency to stand trial. We hold defense counsel was not ineffective in failing to move for a mental examination.

■ Last, defendant challenges the application of the second offender act on the ground the alleged and proven 1951 conviction resulted from a involuntary guilty plea. We need not probe the merits of this. By failing to raise the point at either the original trial or on appeal therefrom defendant waived it. Compare *Harkins v. State,* 558 S.W.2d 217(1–2) (Mo.App.1977).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.