**Loal Junior JOINER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42832.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Oct. 13, 1981.

Daniel A. Beatty, Cape Girardeau, for appellant.

John Ashcroft, Atty. Gen., John C. Reed, Kristie Green, Asst. Attys. Gen. Jefferson City, Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondent.

DOWD, Presiding Judge.

Movant appeals the denial of two Rule 27.26 motions following an evidentiary hearing. We affirm.

Movant was convicted by a jury of murder and sentenced by Judge Stanley A.

Grimm to life imprisonment. His conviction was affirmed on appeal in *State v. Joiner*, 559 S.W.2d 226 (Mo.App.1977). The denial of a writ of habeas corpus in which movant challenged his conviction was affirmed in *Joiner v. Wyrich*, 591 F.2d 65 (8th Cir. 1979).

In a separate proceeding on February 3, 1977 the movant was convicted of burglary and stealing. Initially, the movant had filed for a change of judge, and the Supreme Court assigned the cause to be heard by Judge Grimm. Prior to the trial Judge Grimm had denied an application for a change of judge.

The movant was sentenced by Judge Grimm to ten years on the burglary charge and five years on the stealing charge. The terms were to run consecutively. Movant waived his right to appeal.

On March 29, 1979 movant filed a Rule 27.26 motion to vacate sentence as to his murder conviction. On March 30, 1979 Mr. Gary Robbins was appointed to represent movant. Movant then filed a Rule 27.26 motion as to his burglary and stealing conviction on April 27, 1979. After motions to disqualify Judge Grimm, and Judge Seier the Supreme Court transferred Judge Marybelle Mueller to hear both motions. The court granted leave for Mr. Robbins to withdraw and appointed Daniel Beatty to represent movant. The movant had been represented by John Beaton throughout both the murder and burglary and stealing trials. On December 21, 1979 the motion for an evidentiary hearing was granted and on January 15, 1980 a request for writs of Habeas Corpus ad Testificandum for three witnesses was denied. After the evidentiary hearing both Rule 27.26 motions were denied.

Movant contends that the court erred in denying his 27.26 motions because he had been denied effective assistance of counsel, and because he was denied a fair and impartial trial in that the judge should have recused himself due to his bias and prejudice. Furthermore, he contends he had not knowingly and voluntarily waived his right to appeal. Finally, movant contends he was denied a fair trial because prior to the hearing the trial court denied the petition for writs of Habeas Corpus ad Testificandum for three witnesses.

Specifically, movant charges that counsel was ineffective because he had failed to object to the prosecutor's closing argument where he defined reasonable doubt, and, because he had failed to call a key witness at trial.

 Our review of an order overruling a Rule 27.26 motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Tyler v. State*, 588 S.W.2d 3 (Mo.App.1979); Rule 27.26(j). On review of a post-conviction motion to vacate judgment, the Court of Appeals is required to give due regard to the trial court's opportunity to hear witnesses, and must defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. *Burroughs v. State*, 590 S.W.2d 695 (Mo.App.1979); *Tyler v. State, supra.*

 In order to prevail on his claim of ineffective assistance of counsel, movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 735 (Mo.banc 1979).

 Movant has failed to show how he was prejudiced by defense counsel's failure to object to the prosecutor's definition of reasonable doubt during closing arguments in the murder trial. The mere failure to make objections does not constitute ineffective assistance of counsel. *Webb v. State*, 589 S.W.2d 89, 95–96 (Mo.App.1979). While it is not improper for a prosecutor to discuss reasonable doubt during a closing argument, *State v. Simmons*, 602 S.W.2d 13, 16 (Mo.App.1980), it is improper for counsel to define it. *State v. Van*, 543 S.W.2d 827, 830 (Mo.App.1976). However, upon a careful review of the prosecutor's comments, this court finds that such comments do not constitute prejudicial error and there was noth-

ing in the remarks which might have injured movant's case. As pointed out in *State v. Ball*, 622 S.W.2d 285 (Mo.App.1981), we condemn the practice of defining reasonable doubt and admonish all prosecutors and defense counsel not to inform the jury what the law is or what counsel believes the law to be. In addition, the failure to object is merely a trial error not rising to constitutional proportions and thus not cognizable in a Rule 27.26 hearing. *Turnbough v. State*, 574 S.W.2d 400, 404 (Mo. banc 1978); Rule 27.26(b)(3). We reject movant's contention.

 Movant also fails to show how he was prejudiced by defense counsel's failure to call an alleged alibi witness who would testify that the movant was innocent as to the burglary and stealing charge. Trial counsel's decision not to call a witness is a matter of trial strategy which will not be lightly judged to be erroneous. *Williams v. State*, 566 S.W.2d 241, 243 (Mo.App.1978). Movant in this case indicated the witness was also charged with the burglary and stealing crime. In addition, the witness had been convicted of a felony and been sentenced to the Missouri State Penitentiary for two years. The movant's attorney testified that he had not called the witness because of his prior convictions and that it would be harmful to associate the movant, who was not going to testify, with a convicted felon. It is clear this was a matter of trial strategy. Movant's point is denied.

Movant next argues he was denied a fair and impartial trial because the judge at his burglary and stealing trial was biased and prejudiced and should have disqualified himself.

 Movant has failed to show by a preponderance of the evidence that he is entitled to relief on this point. He bases his allegation that the judge should disqualify himself on the fact that Judge Grimm presided at the movant's murder trial and at the similar murder trial of movant's cousin. The only action he asserts as proof of bias is the fact that the judge, based on the second offender act, gave the maximum sentence on both offenses. This is clearly insufficient evidence on which to base trial court bias and prejudice. Furthermore, the denial of a motion to disqualify the judge on the day of the trial as was the case here, is a complaint of trial court error and a matter for direct appeal, and not 27.26 relief. *Sweazea v. State*, 588 S.W.2d 244, 246 (Mo. App.1979).

 Movant alleges error in overruling his 27.26 motion because sufficient facts were alleged to substantiate the allegation that the appellant did not knowingly and voluntarily waive his right to appeal his conviction on the burglary and stealing charge. He claims he was coerced by his attorney and two members of the highway patrol. We disagree. Upon a careful review of the record we find that movant stated to Judge Grimm after being sentenced on the burglary and stealing charge that he did not want to appeal and that trial counsel did not apply any pressure on him not to appeal. This, coupled with the trial counsel's testimony rebutting movant's claims is sufficient for the trial court to have found that the waiver of the right to appeal was voluntary. The trial court has the right to reject the testimony of a defendant even if it is not contradicted. *Mayes v. State*, 589 S.W.2d 637, 638 (Mo. App.1979).

 Finally, movant asserts the court erred in denying his petition for writs of Habeas Corpus ad Testificandum for three witnesses. Movant failed to preserve this point as he did not include copies of the petitions for writs of Habeas Corpus ad Testificandum in the record on appeal. *State v. Tomich*, 569 S.W.2d 7 (Mo.App. 1978); Rule 81.12(c). Furthermore, the granting of a petition for a writ of Habeas Corpus ad Testificandum lies in the discretion of the court and on the hearing for the writ the court should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness. *State v. Ryan*, 327 Mo. 728, 38 S.W.2d 717 (1931); *State v. Bagges*, 350 Mo. 984, 169 S.W.2d 407, 409 (1943).

The only evidence in the record as to the materiality of the testimony is movant's counsel's statement that he thought the witnesses were required. This fails to meet the strict proof of materiality standard. In addition, the court did not err in denying the petitions for writs of Habeas Corpus because their testimony related to an issue which movant had waived by not bringing it up on direct appeal after his trial. *Underwood v. State*, 591 S.W.2d 140 (Mo.App.1979). For the foregoing reasons, the record shows the trial court did not err in overruling movant's motions for post-conviction relief.

The judgment is affirmed.

CRIST and REINHARD, JJ., concur.