**Jerry McCRARY–EL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49026.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 26, 1985.

Motion for Rehearing and/or Transfer Denied Jan. 7, 1986.

Application to Transfer Denied Feb. 18, 1986.

Debra A. Buie, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Jerry McCrary had been convicted of four felonies. By his Rule 27.26 motion he challenges two of them. He now appeals the motions' denial. This on the ground defense counsel was ineffective in failing to call four alibi witnesses.

Parenthetically we note defendant does not here challenge Count I. By that he

was convicted of felonious assault. Nor does he challenge Count IV charging he carried a concealed weapon. On these two unappealed counts defendant was sentenced as a prior offender to consecutive prison terms for life and five years.

Reverting to the present appeal: Defendant's convictions were on Count II for first degree arson and on Count III for first degree assault. On these the trial court had sentenced defendant to concurrent fifteen and thirty year prison terms.

All four convictions were affirmed on appeal. See *State v. McCrary*, 621 S.W.2d 266 (Mo. banc 1981).

Defendant here challenges the denial of his motion charging ineffective counsel in failing to call four alibi witnesses. The state responds that defense counsel did present two alibi witnesses but not the other four. This because after interviewing them counsel concluded "they did not say the right thing or say it in the right way." In denying defendant's challenge the motion court ruled "trial counsel exercised due diligence in investigating the alibi and his trial strategy was a result of his investigation."

By defendant's brief here he contends defense counsel negligently failed to call any of these four potential alibi witnesses. Counsel did interview them but as said he concluded they would not help defendant. Defendant concedes here, citing *Joiner v. State*, 621 S.W.2d 336[10, 11] (Mo.App. 1981), the choice of witnesses is a proper matter of trial strategy.

A host of similar cases is listed at 12 Mo.Dig. Criminal Law, Key 646.13(b). These are summarized in *State v. Turner*, 623 S.W.2d 4[16, 17] (Mo. banc 1981), ruling: "If an attorney believes that the testimony of an alibi witness would not unqualifiedly support his client's position it is a matter of trial strategy not to call him to the stand." That ruling squarely refutes the defendant's challenge.

Affirmed.

DOWD, P.J., and PUDLOWSKI, J., concur.