**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Lewis GRANT, Defendant–Appellant.**

No. 17085.

Missouri Court of Appeals,
Southern District,
Division One.

April 25, 1991.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
May 17, 1991.

Application to Transfer Denied
July 23, 1991.

William L. Webster, Atty. Gen., Joseph P. Murray, John P. Pollard, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

J. Bryan Allee, Columbia, for defendant-appellant.

PREWITT, Judge.

Following trial by jury defendant was convicted of first degree robbery and armed criminal action and sentenced to terms of fifteen years' and three years' imprisonment to be served concurrently. Because

the prosecuting attorney displayed and demonstrated with a pistol unconnected with the offense charged, the conviction is reversed.

◼ Larry Dudney, the manager of a gas station, was robbed at the station. Dudney stated that the defendant held a gun on him. When asked what was its caliber, he replied:

"I'm fairly certain it was a thirt-two. I know it was smaller than a thirty-eight and bigger'n a twenty-two."

Dudney stated he at first believed the gun was a "play gun", but later knew it was real because he could see bullets in the chamber.

The prosecuting attorney then produced a pistol which was not marked for identification and not admitted into evidence. Over the defendant's objection, the court allowed the prosecutor to present a demonstration with the gun to show how the gun was pointed at Dudney's head and how far it was from his eyes purportedly to show that he could see in the chamber and see bullets. The gun produced was unloaded and there was no evidence that it was similar to the pistol used in the robbery. Nor was it shown that if the gun had been loaded the bullets would have been visible. The prosecutor asked Dudney to check the gun and make sure it was not loaded and he testified that it was not. The prosecutor then had him point the gun at the prosecutor's head.

"The courts of this state, with notable consistency have recognized that weapons unconnected with either the accused or the offense for which he is standing trial lack any probative value and their admission into evidence is inherently prejudicial and constitutes reversible error." *State v. Perry*, 689 S.W.2d 123, 125 (Mo.App.1985). Lethal weapons unrelated to the offense for which an accused is charged have prejudice seldom attached to other demonstrative evidence. *Id.* See also *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294, 297–300 (1944) (demonstration of pistol not used in·the offense reversible error); *State v. Reyes*, 740 S.W.2d 257, 261–165 (Mo.App. 1987); *State v. Fristoe*, 620 S.W.2d 421,

427 (Mo.App.1981); *State v. Charles*, 572 S.W.2d 193, 199 (Mo.App.1978), cert. denied 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981). The demonstration with an unrelated weapon was improper.

The state cites *State v. Holmes*, 609 S.W.2d 132 (Mo.banc 1980) and *State v. Hubbard*, 659 S.W.2d 551 (Mo.App.1983). *Holmes* did not involve a weapon, but a mannequin which was used to demonstrate stab wounds. *Hubbard* involved a knife which was adequately described as being that which the defendant was carrying during the commission of the crime. Neither aids the state in this matter.

◼ Improperly admitted evidence should not be declared harmless unless it can be said harmless without question, and the record demonstrates that the jury disregarded or was not influenced by the improper evidence. *Charles*, 572 S.W.2d at 199. The only direct evidence of defendant's guilt was his identification by Dudney. It cannot be said that the evidence was harmless. The other points raised by defendant may not arise upon retrial, so they are not discussed.

The judgment is reversed and the cause remanded for a new trial.

MAUS, P.J., concurs.

CROW, J., concurs and files concurring opinion.

CROW, Judge, concurring.

If we were writing on a clean slate I would hold the prosecutor's use of the pistol in this case, even if improper, was not prejudicial. To say a juror could have been misled by the performance is to denigrate the juror's intelligence.

However, the cases cited in the principal opinion demonstrate the rule barring display of weapons unconnected with either the accused or the offense is firmly embedded in Missouri jurisprudence. Recognizing this Court's role as an intermediate appellate court, and mindful of the sanctity

of *stare decisis*, I concur in the principal opinion.