STATE of Missouri, Plaintiff–
Respondent,

v.

Timothy M. BEARDEN, Defendant–
Appellant.

Timothy M. BEARDEN,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19555, 20448.

Missouri Court of Appeals,
Southern District,
Division One.

June 24, 1996.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

Defendant was convicted by a jury of assault in the second degree in violation of § 565.060,[1] and was sentenced as a prior, persistent and Class X offender to three years' imprisonment. His direct appeal from that conviction is Case No. 19555. He subsequently filed a *pro se* motion for postconviction relief pursuant to Rule 29.15, which was later amended by appointed counsel. That motion was denied following an evidentiary hearing. Defendant's appeal from that denial is Case No. 20448. The cases have been duly consolidated in this court, but will be discussed separately.

The charge for which Defendant was convicted arose from an altercation on October 19, 1993 involving Matthew Thompson (Thompson). Thompson's sister (Michelle) was married to Defendant, but was separated from him at the time and was staying at Thompson's home. On the day in question, as Michelle was leaving Thompson's house with her two children, Thompson saw Defendant approach Michelle's car, strike her, get into the car with them and drive off.

Thompson later went to Defendant's trailer where an argument occurred between him and Defendant. During the argument, Michelle ran from the trailer and got into Thompson's car. Defendant then picked up

what Thompson described as half of a pruning shear and threw it at the car as Thompson was getting into it, denting the fender and breaking the windshield.

### DEFENDANT'S DIRECT APPEAL

Defendant does not contest the sufficiency of the evidence to support the conviction. Rather, in his sole point on the direct appeal, he contends that the trial court erred in permitting the State to examine witnesses using half of a pair of pruning shears (pruning shear, or shear). The pruning shear about which Defendant complains was purchased by the State for use at trial and was not the one allegedly used by Defendant in committing the offense. He argues that the shear was wholly unconnected with him and was inflammatory and prejudicial.

In support, Defendant cites *State v. Grant,* 810 S.W.2d 591, 592 (Mo.App. S.D.1991); *State v. Huff,* 831 S.W.2d 752, 754 (Mo.App. E.D.1992); and *State v. Perry,* 689 S.W.2d 123, 125 (Mo.App. W.D.1985), for the proposition that weapons unconnected with either the accused or the offense for which he is standing trial lack any probative value, and their admission in evidence is inherently prejudicial requiring a reversal. He relies primarily on *State v. Wynne,* 353 Mo. 276, 182 S.W.2d 294, 298 (1944), in which the prosecutor used a pistol, which was admittedly not the same one used in the crime, for demonstration purposes during cross-examination of a witness. The Missouri Supreme Court reversed the conviction, saying that the purpose for which the gun was used at trial was collateral, and that tested by relevancy, materiality and similarity of circumstances, the pistol was not admissible in evidence. *Id.* 182 S.W.2d at 300. It said:

> The objection to the introduction of weapons or other demonstrative evidence, especially when not connected with the defendant or his crime, on the ground of unfair prejudice is based on sound psychological and philosophical principles. They are: "First, there is a natural tendency to infer from the mere production of any material

---

1. Section 565.060.1(2), RSMo 1994, provides that a person commits assault in the second degree if he "[a]ttempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument...."

object, and without further evidence, the truth of all that is predicated of it. Secondly, the sight of deadly weapons or of cruel injuries tends to overwhelm reason and to associate the accused with the atrocity without sufficient evidence." 4 Wigmore, Evidence, Sec. 1157, p. 254.

*Id.*

In *State v. Silvey,* 894 S.W.2d 662, 667 (Mo.banc 1995), however, the Missouri Supreme Court held that there is no absolute rule that demonstrative evidence in the form of a weapon unconnected with the defendant or an offense charged is inadmissible. There, the state displayed a knife in examining witnesses which was not the one used in the crime or connected with the defendant in any way. The Supreme Court held that the trial court had not abused its discretion because there was testimony that the knife was similar to the one allegedly used by the defendant, and there was no implication that it was the same knife used in the offense; therefore, the jury was not deceived. *Id.* at 668–69. In doing so, the court acknowledged that the trial court is in a superior position to balance the probative value and prejudicial effect of demonstrative evidence. *Id.* at 669.

The court in *Silvey* also distinguished *Wynne, Perry,* and *Grant* which Defendant relies on in the instant case. *Id.* at 668–69. The court noted that in those cases there was no evidence that the weapon displayed at trial was similar to the one used in the offense. *Id.* It also noted that in *Wynne* the purpose for which the weapon was used at trial was collateral, if not immaterial. *Id.*

The other case relied on by Defendant, *State v. Huff,* was one in which the court actually approved the use of shotguns for demonstration purposes where it was clear they were not connected with the defendant or the crime. 831 S.W.2d at 754.

■ In the instant case, Thompson described the weapon used by Defendant as half of a pruning shear with the hook on the end of it. He specifically said that the object actually used by Defendant was similar to the exhibit in question and was about the same size. Although other witnesses testified that the object actually used was not

similar to the one in question, the trial court was not bound by that testimony. Defendant argues that the probative value of the pruning shear was outweighed by its prejudicial effect. The trial court, however, has broad discretion in admitting or rejecting items of demonstrative evidence. *Silvey,* 894 S.W.2d at 669. Under the circumstances of this case, the trial court did not abuse its discretion in permitting the exhibit to be displayed at trial.

## APPEAL FROM DENIAL OF RULE 29.15 MOTION

Defendant contends that the motion court erred in denying his Rule 29.15 motion following an evidentiary hearing. He claims that his trial counsel was ineffective in failing to object to the prosecutor "brandishing" the pruning shear during closing argument, which he claims inflamed the jury to his prejudice.

■ In order to prevail on a claim of ineffective assistance of counsel, Defendant must establish that (1) his counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) he was prejudiced as a result. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987). *See also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). A movant must satisfy both the performance prong and prejudice prong to prevail on an ineffective assistance of counsel claim. *Sanders v. State,* 738 S.W.2d at 857. Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different (as opposed to showing that the errors had some conceivable effect on the outcome). *Strickland v. Washington,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo.banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k); *Murray v. State,* 775 S.W.2d

89, 89–90 (Mo.banc 1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1171, 107 L.Ed.2d 1073 (1990). Findings and conclusions are clearly erroneous only if, after review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *State v. Ray,* 852 S.W.2d 165, 171–72 (Mo.App. S.D.1993).

At the evidentiary hearing, Defendant's trial counsel testified that during closing argument the prosecutor waved the pruning shear in front of the jury and demonstrated how it could be thrown. He gave his opinion that this was prejudicial to Defendant's case, and that he should have objected but did not.

In denying Defendant's amended motion, the motion court noted that the trial court had overruled his objection to the pruning shear during the trial and had admitted it into evidence. During closing argument, the prosecutor displayed the shear to the jury and described it as a dangerous instrument capable of causing serious physical injury. The motion court also noted that Defendant's objection at that time on the basis that the charge was assault in the second degree, rather than first degree which required serious physical injury, was overruled. The motion court concluded that because of the earlier rulings, the trial court would have likely overruled any further objection to use of the shear during closing argument.

The mere failure to make objections does not constitute ineffective assistance of counsel. *Joiner v. State,* 621 S.W.2d 336, 338 (Mo.App. E.D.1981). To justify relief on a postconviction motion, the failure to object must have been of such character as to deprive the defendant substantially of his right to a fair trial. *Schlup v. State,* 771 S.W.2d 895, 900 (Mo.App. W.D.1989).

We have held in Defendant's direct appeal that the use of the pruning shear by the State, and its introduction into evidence, did not constitute reversible error under the circumstances of this case. Accordingly, an objection to a display of the shear during closing argument would have been meritless. Counsel cannot be found to be ineffective for failing to make nonmeritorious objections.

*Sidebottom v. State,* 781 S.W.2d at 799; *State v. Leisure,* 838 S.W.2d 49, 56 (Mo.App. E.D. 1992).

The judgment of the trial court and the order of the motion court are affirmed.

MONTGOMERY, P.J., and SHRUM, C.J., concur.

