STATE of Missouri, Respondent,

v.

Kipp D. RICH, Appellant.

No. WD 50996.

Missouri Court of Appeals,
Western District.

Sept. 2, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Mary S. Erickson, Assistant Attorney General, Jefferson City, for respondent.

Before ULRICH, C.J., and SPINDEN and HOWARD, JJ.

ULRICH, Chief Judge, Presiding Judge.

Kipp Rich appeals his convictions following jury trial for kidnapping, section 565.110, RSMo 1994, and burglary in the first degree, section 569.160, RSMo 1994, and sentences as a prior and dangerous offender, sections 558.016 and 558.019, RSMo 1994, to two consecutive thirty-year terms of imprisonment. He asserts that the trial court erred in admitting evidence of his commission of other

uncharged crimes, specifically, evidence of repeated acts of rape and sodomy against the kidnapped victim. Mr. Kipp also appeals the denial of his Rule 29.15 motion for post conviction relief claiming that his trial counsel was ineffective for failing to object to prosecutor's closing argument regarding his criminal proclivities and future dangerousness.

The judgment of convictions and the order denying the Rule 29.15 motion are affirmed.

## FACTS

On the evening of December 11, 1993, the eleven-year-old female victim, M.K., attended a party with her mother and three younger siblings at her mother's friend's apartment across the hall from the apartment in which M.K., her siblings, and her mother lived. During the course of the evening, the appellant, Kipp Rich, arrived at the party. M.K. and her mother were acquainted with Mr. Rich who had never mistreated M.K. and had played with her on the few occasions they had met.

At 11:30 p.m., M.K. returned to her apartment to put her nine-month old sister to bed. Soon thereafter, Mr. Rich knocked on the apartment door, and M.K. let him in. They played for a while, and then Mr. Rich left.

At 1:30 a.m., M.K. called her mother, who was still across the hall, on an intercom system that connected the two apartments to ask her if she should lock the apartment door before going to bed. Her mother told her to leave the door unlocked since M.K. had the key to the apartment. Mr. Rich was with M.K.'s mother when M.K. called about locking the door. After calling her mother, M.K. went to bed.

M.K. later awoke to find Mr. Rich on her bed rubbing her leg. He asked if he could sleep with her, and she answered, "No." Mr. Rich told M.K. to get up and to lock the apartment door behind him when he left. At the door, however, Mr. Rich grabbed her by the hair and said that if she made any noise he would kill her. He also threatened to take her little sister, rape her, and sell her. Mr. Rich took M.K. to his car, put her head in his lap, and drove away.

Mr. Rich drove for a while and stopped the car several times. At one stop, he told M.K. to remove her clothes, and he raped and sodomized her. Mr. Rich drove to other locations and repeated the acts. He also struck M.K. several times. At one point, he sodomized her with a glass bottle.

Mr. Rich eventually stopped the car at a gas station and told M.K. to stay in the car while he went inside. While inside, M.K. escaped to Truman Medical Center, which was nearby, and received help.

Mr. Rich was charged by indictment with one count of burglary in the first degree, section 569.160, RSMo 1994, for entering M.K.'s apartment for the purpose of committing the crime of kidnapping and with one count of kidnapping, section 565.110, RSMo 1994, for removing M.K. from her apartment without her consent for the purpose of inflicting physical injury or terrorizing her. The kidnapping charge was later amended by information to kidnapping for the purpose of facilitating the commission of the felony, sodomy, against M.K.

Mr. Rich was convicted of both charged offenses and sentenced to two consecutive thirty-year terms of imprisonment. Thereafter, he filed a *pro se* 29.15 motion for post-conviction relief. An amended motion was filed alleging, among other things, that trial counsel was ineffective for failing to object to the prosecutor's comments during closing argument regarding his proclivity to commit similar crimes in the future. Following an evidentiary hearing, Mr. Rich's motion was overruled. This consolidated appeal followed.

## INTRODUCTION OF EVIDENCE OF OTHER UNCHARGED CRIMES

■ In his first point on appeal, Mr. Rich claims that the trial court erred in admitting evidence of other uncharged crimes, specifically, evidence of repeated acts of rape and sodomy against M.K. He asserts that the prejudicial effect of the evidence outweighed its probative value and that it was introduced only to inflame the passions of the jury.

Evidence of other uncharged crimes is inadmissible to show the propensity of the

defendant to commit the charged crime. *State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993). Evidence that a defendant committed crimes separate from those charged is admissible, however, if it is both logically and legally relevant. *Id.* To be logically relevant, the evidence of other offenses must have a legitimate tendency to establish directly the defendant's guilt of the charged crime. *Id.* Such evidence is deemed to prove the crime charged "when it tends to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or the identity of the person charged." *State v. Davis,* 849 S.W.2d 34, 40 (Mo.App.1993)(quoting *State v. Shaw,* 636 S.W.2d 667, 671–672 (Mo. banc 1982), *cert. denied,* 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982)); *Bernard,* 849 S.W.2d at 13.

Mr. Rich was charged with the crime of kidnapping for the purpose of facilitating the commission of a felony. The state had the burden of proving a specific purpose, the facilitation of the commission of sodomy against M.K. Evidence of the actual commission of that crime, therefore, is competent to establish that element of kidnapping. Likewise, the evidence of the repeated rape and sodomy of M.K. legitimately tended to establish Mr. Rich's motive or reason for committing the kidnapping. *See State v. Belcher,* 805 S.W.2d 245, 249 (Mo.App.1991)(defendant's gratification of his deviate sexual desire upon the victim bears on his reason for detaining victim in a motel room); *State v. Moore,* 744 S.W.2d 479, 481 (Mo.App.1988)(sexual assault of victim tended to establish defendant's motive and plan in carrying out the charged kidnapping and robbery). The rape and sodomy evidence also tended to establish a common scheme or plan by Mr. Rich to kidnap M.K. and sexually abuse her. *See State v. Davis,* 849 S.W.2d 34, 40 (Mo.App.1993)(evidence of repeated rape and sodomy of victim by defendant and accomplice was admissible to show a common scheme to kidnap victim, steal her car, and sexually abuse her). The evidence was, therefore, logically relevant and had a legiti-mate tendency to establish directly Mr. Rich's guilt of the burglary and kidnapping.

■ To be legally relevant, the probative value of the evidence must outweigh the prejudicial effect. *Bernard,* 849 S.W.2d at 13. Balancing the value and effect of the evidence rests within the trial court's discretion. *Id.* The trial court did not abuse its discretion in admitting the evidence. Point one is denied.

## RULE 29.15 MOTION

■ In his second point on appeal, Mr. Rich claims that the trial court erred in overruling his Rule 29.15 motion for postconviction relief following an evidentiary hearing. He contends that his trial counsel was ineffective in failing to object to the prosecutor's closing argument regarding his criminal proclivities and future dangerousness.

Appellate review of the denial of a postconviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j); *State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994). Findings and conclusions are clearly erroneous only if after a review of the entire record the court is left with a definite and firm impression that a mistake had been made. *Nolan,* 872 S.W.2d at 104.

To prevail on an ineffective assistance of counsel claim, the movant must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) the deficient performance prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice results only where trial counsel's acts or failures to act are outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). The movant must demonstrate a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Id.*

Mr. Rich asserts that trial counsel was ineffective in failing to object to the following comments made by the prosecutor during closing argument:

> What is the defense? The defense is he has a mental defect that compels him, or so he claims, to sodomize and rape little girls; that somehow or another we ought to give him a break because he is driven to sodomize, kidnap, and rape children in our county.
>
> * * *
>
> Anybody that goes out and commits these kinds of acts on children obviously has got some problems.
>
> * * *
>
> The psychologist said he needs to be separated from the rest of society and he needs never to be given access to small girls again.

Mr. Rich contends that the prosecutor's comments impermissibly argued his criminal proclivities and future dangerousness and, thus, were objectionable. The state argues that the comments were not objectionable because they merely described the defense asserted by Mr. Rich, not guilty by reason of mental disease or defect, and, therefore, trial counsel was not ineffective for failing to object to the statements.

At trial, Mr. Rich offered the defense that he was suffering from a mental disease or defect, pedophilia, and that at the time of the offenses, he was unable to conform his behavior to the requirements of the law. A psychologist testified in Mr. Rich's defense that Mr. Rich has an irresistible impulse to commit acts of pedophilia.

At the evidentiary hearing, trial counsel explained that he did not object to the prosecution's argument because it described the defense. He stated, "Basically, our defense was that he did have these impulses that he could not control. And that instead of incarcerating him for that, that the jury should decide to allow him to go to a mental institution to deal with those issues." The prosecutor's argument merely restated Mr. Rich's defense, that he suffers from pedophilia, and, therefore, was not objectionable. An attorney will not be held to be ineffective for failing to make a non-meritorious objection. *State v. Clark*, 913 S.W.2d 399, 406 (Mo.App. 1996). Mr. Rich failed to demonstrate ineffective assistance of counsel.

 Even if the prosecutor's argument was objectionable, counsel was not ineffective for failing to object. The mere failure to object does not constitute ineffective assistance of counsel. *State v. Bearden*, 926 S.W.2d 483, 486 (Mo.App.1996). To justify relief on a postconviction motion, the failure to object must have been of such character as to deprive the defendant substantially of his right to a fair trial. *Id.* Mr. Rich was not prejudiced by counsel's failure to object to the prosecutor's brief comments. Point two is denied.

The judgment of convictions and the order denying the Rule 29.15 motion are affirmed.

*All concur.*